IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW CHARLES SCHLOBOHM,**

    **Plaintiff,**

    v.                                       CASE NO.  23-3014-JWL

**DONALD ASH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Wyandotte County Adult Detention Center ("WCADC") in Kansas City, Kansas.  On this date, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until February 21, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff was also given the opportunity to file a second amended complaint by the February 21, 2023, deadline.  This matter is before the Court on Plaintiff's Motion for Court Order and Emergency Review (Doc. 3); Motion for Order (titled Jury Demand; Request for Emergency Review; Request for sealed Court Orders; and Request to Modify Complaint) (Doc. 4); Motion for Emergency Review and to Submit Exhibits (Doc. 5); and Motion for Preliminary Injunction (Doc. 6).  The underlying facts are set forth in the Court's MOSC.

In his various motions, Plaintiff asks the Court to: (1) order Defendants to provide him a typewriter and unlimited paper (Doc. 3); (2) conduct emergency review of his Complaint (Doc. 4); (3) order Defendants to immediately transport him to the University of Kansas Emergency Room (Doc. 4); (4) order Defendants to give him a full roster of all Wellpath employees with detailed information about each (Doc. 4); (5) order Defendants to give him his full medical record

1

(Doc. 4); (6) add his court-appointed criminal defense attorney and the WCADC mail clerk as defendants to this action (Doc. 4); (7) modify the Complaint to request no less than $1.25 million in damages (Doc. 4); (8) modify the Complaint to add a demand that Wellpath pay for his health insurance, medical care, and psychiatric care for the rest of his life (Doc. 4); (9) order Defendants to provide him with a laptop computer equipped with an adequate law library, email program, internet access, and a printer (Doc. 5); (10) modify the Complaint to add exhibits (Doc. 5); (11) order Defendants to transport him to the University of Kansas Hospital for treatment of any and all medical and mental ailments for however long needed, as determined solely by Plaintiff and his doctors (Doc. 6); (12) order Defendants to provide Plaintiff with an electric foil-based razor (a Braun Series 9) to shave his face daily (Doc. 6); (13) order Defendants to provide him with all medications he has been prescribed by his personal physicians and psychiatrists (Doc. 6); (14) order Defendants to give Plaintiff the COVID-19 vaccine (Doc. 6); (15) order Defendants to house Plaintiff in a cell by himself but on a minimum security pod and allowed out his cell most of the day and night (Doc. 6); and (16) appoint counsel for Plaintiff since he is far too ill to think clearly or work effectively (Doc. 6).

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court has entered a MOSC directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he

has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

As for Plaintiff's requests to add defendants and claims to the Complaint, he must submit a complete amended complaint to add claims, significant factual allegations, or change defendants. *See* Fed. R. Civ. P. 15.

Last, Plaintiff's request for appointment of counsel is denied at this time. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim. The Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915. Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time. However, this denial is made

without prejudice.  If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's pending motions (Docs. 3, 4, 5, and 6) are **denied.**

**IT IS SO ORDERED**.

**Dated January 20, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**