IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

    **Plaintiff,**

    v.                                            CASE NO. 23-3014-JWL

DONALD ASH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Extension of Time (Doc. 19). Plaintiff asks for an additional 45 days to respond to the Memorandum and Order to Show Cause ("MOSC") (Doc. 9). The current deadline is February 21, 2023. Plaintiff asserts that he has experienced delays in receiving his mail and that he continues to experience symptoms of long COVID. Plaintiff also asks for another copy of the MOSC and requests the appointment of an attorney.

Plaintiff's request for an extension is granted. The deadline to file a response to the MOSC is extended to March 21, 2023. However, his request for appointment of counsel is denied at this time. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have

assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim. The Court has ordered Plaintiff to show cause why his Complaint should not be dismissed. Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time. However, this denial is made without prejudice. If it becomes apparent that appointed counsel is necessary if this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 19) is granted in part and denied in part. The deadline for Plaintiff to file a response to the MOSC (Doc. 9) is extended to **March 21, 2023**. Plaintiff's request for appointment of counsel is **denied**.

The Clerk is directed to send Plaintiff another copy of the MOSC (Doc. 9).

**IT IS SO ORDERED**.

**Dated February 28, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
