IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

    **Plaintiff,**

    v.                                                                                        CASE NO. 23-3014-JWL

DONALD ASH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff's claims arose during his detention as a pre-trial detainee at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC").

The Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has filed an Amended Complaint (Doc. 48). The Court's screening standards are set forth in the MOSC.

**I. Nature of the Matter before the Court**

Plaintiff's claims relate to the conditions of his confinement and the medical care provided at the WCDC. He alleges that the WCDC was overcrowded, understaffed, and filthy. He states that he was locked down 24 hours a day. Plaintiff further alleges that despite having multiple serious conditions, he received none of his prescribed medication while at the WCDC. He asserts that he was refused a COVID-19 vaccination, contracted COVID-19, became very ill, and did not receive adequate treatment. Plaintiff claims that the defendants interfered with his legal mail and denied him access to the courts.

Plaintiff names the following as defendants: the Unified Government of Wyandotte County; the Wyandotte County Sheriff's Department; Wellpath LLC; Dr. Danny Stanton; Esmeralda Wilson, Programs Supervisor at the WCDC; Deputy Meador; Karina Purcell, R.N.; D. Dull, Health Services Administrator; Miss Hill, Mail Clerk; Registered Nurse #1; Captain Taylor; and Officer Bond. Plaintiff seeks compensatory and punitive damages.

## II. Additional Information Needed

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the WCDC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the WCDC to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The WCDC officials shall submit the *Martinez* Report by **October 20, 2023**. Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint. If the Amended Complaint survives screening, the Court will enter a separate order for service.

(2) Officials responsible for the operation of the WCDC are directed to undertake a review of the subject matter of the Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

(c....To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(3)....Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the WCDC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The WCDC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4)....Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)....Authorization is granted to the officials of the WCDC to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)....No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)....Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Wyandotte County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report

ordered herein.  Upon the filing of that report, the Wyandotte County Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Wyandotte County Sheriff, and to the Wyandotte County District Attorney.

**IT IS SO ORDERED.**

**Dated September 20, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
