|  |  |  |
|---|---|---|
| IN THE UNITED STATES DISTRICT COURT | | |
| FOR THE DISTRICT OF KANSAS | | |

| | | |
|---|---|---|
| MATTHEW SCHLOBOHM, | | |
| Plaintiff | | |
| v. | | CASE NO.: 23-3014-JWL |
| | | |
| DONALD ASH, et al., | | |
| Defendants. | | |

PLAINTIFF'S RESPONSE TO INTERESTED PARTY'S ENTRY OF APPEARANCE; NOTICE OF CHANGE OF ADDRESS; MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Matthew Schlobohm wishes to advise the court of a change of mailing address and living address for further communications from all parties. Plaintiff also wishes to note the correct spelling of his name for opposing counsel.

1. Please note that I have been informed by the USPS that a key to my mailbox will be forthcoming but on a date uncertain that could take weeks or months.

2. Therefore, please mail all correspondence to my place of employment:

3. Holiday Inn Downtown, Attn: Matthew Schlobohm, 770 Admiral Blvd, Kansas City, MO 64111.

4. My actual physical, residential address is as follows:

5. 4210 Clark Ave Apt 302, Kansas City, MO 64106.

6. My name is spelled MATTHEW SCHLOBOHM.

Plaintiff Schlobohm would like to address the Interested Party's MOTION FOR EXTENSION OF TIME TO FILE MARTINEZ REPORT [DOC. 51].

7. There is no dispute as to the current deadline for the filing of the Martinez Report or that this is Interested Party's first request for an extension [id at 1].

1

8. As to the assertion that counsel will be out on a previously scheduled vacation [id at 2], Plaintiff has no reason to believe that this is untrue and Plaintiff respects and appreciates the ability of humans to enjoy time out of their enclosed places of employment where they are free from stress and events out of their control. The health benefits of mental and physical relaxation and exercise are well documented and undisputed.

9. Plaintiff would like the Court to ascertain the length of this previously scheduled vacation so it can decide if a continuance of sixty (60) days is justified for a professional attorney who represents the Sheriff of Wyandotte County in that capacity. Is she going on vacation for two months?

10. Regarding opposing counsel's assertion that "the allegations are complex and will involve the review of extensive medical records and conferring with the medical provider's outside counsel," Plaintiff has two (2) immediate points:

11. First, this Court has ruled previously that the issues are not complex in its various orders denying the appointment of Plaintiff counsel. Therefore, with this precedence in place, Plaintiff objects to this assertion by counsel and therefore to the extension of time by the Sheriff's professional attorney counsel.

12. Second, if the Court has reconsidered the complexity of this case, and if it finds that the issues indeed are complex and thus grants counsel's extension of time, partially or fully, on this basis, then Plaintiff moves for the Court, in its discretion, for appointment of counsel on the same complexity standard it would apply to opposing counsel's motion.

13. Regarding the assertion that "[a]dditional time is needed to review the records and obtain the necessary documentation…," [id at 4], Plaintiff objects to this plain misrepresentation.

14. As noted in the Plaintiff's Second Amended Complaint, Defendants, including and especially the Sheriff's Department, had full knowledge of Plaintiff's medical records and medical conditions from the moment of his booking and throughout his pretrial detention. Not only that, but Plaintiff alleges, with Sheriff's Department staff as witnesses, that Defendants opened his initial complaint that explained the dire medical circumstances under which Plaintiff was suffering. They then refused to mail the complaint, choosing to copy and distribute it among Defendants and others (all under the supervision of the Interested Party) in an effort to appear to comply with its prayers for relief after the fact and to deny Plaintiff access to the Court or adequate medical care, thus jeopardizing his very life. There are others in that jail at this very moment suffering pain, anguish, trauma and who are being deliberately untreated in a reasonable or adequate manner. Time is of the essence.

15. Plaintiff specifically informed the Interested Party via Defendants through numerous written communications throughout this ordeal. (See Exhibits K-1 and K-2.) Defendants "outside legal counsel," as noted by opposing counsel in her request, has also been aware of this situation for nearly a year (or they should have known). They are professional, hired attorneys, not pro se litigants suing for violations of their civil rights with no previous experience accessing the Courts.

16. As the exhibits clearly show, the head of Administration of the jail, the Major, "Noted" my complaints. The Interested Party is and has been aware of these issues for nearly a year.

17. Interested Party is a professional, duly elected Sheriff – the top law enforcement officer of Wyandotte County, Kansas. It stretches credulity that he and/or his staff have no knowledge of these events and that it would take 60 days to produce a Martinez Report for their own jail and for events that they have known about for nearly a year.

THEREFORE, Plaintiff moves that Interested Party's motion for an extension of time be denied.

Respectfully submitted,

MATTHEW SCHLOBOHM

*/s/ Matthew Schlobohm*

MATTHEW CHARLES SCHLOBOHM

RESIDENTIAL ADDRESS: 4210 Clark Ave #302

Kansas City, MO 64111

MAILING ADDRESS: 770 ADMIRAL BLVD

Kansas City, MO 64106

(816)277-9821

matthew.schlobohm@gmail.com

DATED: OCTOBER 9, 2023

PRO SE PLAINTIFF