IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW CHARLES SCHLOBOHM,**

    **Plaintiff,**

    **v.**                                    **CASE NO. 23-3014-JWL**

**DONALD ASH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Extension of Time (Doc. 51) filed by Interested Party Wyandotte County Sheriff and a Motion to Appoint Counsel (Doc. 53) filed by Plaintiff.

The Sheriff asks for an additional 60 days to prepare and file the *Martinez* Report ordered by the Court (Doc. 49). The current deadline is October 20, 2023. Counsel for the Wyandotte County Sheriff states that she has a previously planned vacation scheduled for October and that additional time is needed to gather and review Plaintiff's medical records, to obtain affidavits, and to confer with outside counsel for the medical provider. Plaintiff filed a response (Doc. 52) to the motion wherein he questions the Sheriff's need for additional time. The Court notes that it granted Plaintiff seven (7) extensions to respond to the show cause order entered in this case. For good cause shown, the motion is granted. The deadline to file the *Martinez* Report is extended to December 20, 2023.

In Doc. 53, Plaintiff again requests the appointment of counsel. As previously explained, there is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*,

869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it remains unclear whether Plaintiff has asserted a colorable claim.  The Court has ordered the preparation of a *Martinez* Report to assist with screening Plaintiff's Amended Complaint.  As indicated above, the Report is not due until December 20, 2023.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made without prejudice.  If it becomes apparent that appointed counsel is necessary if this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED** that the Motion for Extension of Time (Doc. 51) filed by Interested Party Wyandotte County Sheriff is **granted**.  The deadline for the filing of the *Martinez* Report is extended to **December 20, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 53) is **denied**.

**IT IS SO ORDERED**.

**Dated October 10, 2023, in Kansas City, Kansas.**

                                         **S/ John W. Lungstrum**
                                         **JOHN W. LUNGSTRUM**
                                         **UNITED STATES DISTRICT JUDGE**