IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

      Plaintiff,

      v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY, et. al.,[1]

      Defendants.

CASE NO. 23-3014-JWL

## PLAINTIFF'S PRE-RESPONSE MOTION TO COMPEL

Now comes the Plaintiff, proceeding pro se, and respectfully requests that this Court issue an order compelling the Interested Party, Wyandotte County Sheriff's Office, and Wyandotte County District Attorney to comply with the Court's previous order (ECF No. 49) in its entirety, including the directives to ascertain the facts and circumstances, to consider actions to resolve the subject matter of the Amended Complaint, and to determine the relation of other like complaints to the Amended Complaint.

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

The Court's order (id.) clearly outlined the expectations for the Martinez Report, which the Interested Party has failed to meet. The Plaintiff believes this failure is an intentional act to obstruct justice by concealing related complaints as well as recordings and electronically stored information related to Plaintiff's claims.

### II. BACKGROUND

The Interested Party – who constitutes the leadership and the core of the Defendants in this case and who are accused of a myriad of violations of rights guaranteed by the Constitution

---

[1] My First Amended Complaint makes it plain who the proper defendants are in this case thus far, and the caption now reflects what was plainly obvious in the body of the complaint. *See Trujillo v. Maestas*, 1:20-cv-00826-KWR-GBW, 4 (D.N.M. Jun. 24, 2022) ("[A] party not ... named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant." *Derrick v. Ward*, 91 Fed. App'x. 57, 62 (10th Cir. 2004). *See also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("[I]n a *pro se* case when the plaintiff names the wrong defendant in the caption ... courts may look to the body of the complaint to determine who the intended and proper defendants are.")

19  of the United States[2] -- submitted to this Court its version of a court-ordered Martinez Report[3].
20  The Martinez Report initially was due on October 20, 2023, but, upon request for an extension[4],
21  the Interested Party was granted until December 20, 2023[5], to complete the court-ordered
22  Martinez Report in this case because *"the allegations are complex and will involve the review of*
23  *extensive medical records* and conferring with the medical provider's outside
24  counsel...*[a]dditional time is needed to review the records and obtain the necessary*
25  *documentation and affidavits to provide a thorough and effective aid to the Court...[this] request*
26  *is made in good faith and not for vexatious delay."*[6] (emphasis added.)

27          On December 14, 2023, the Interested Party requested a second extension of time to file
28  the Martinez Report.[7] The essential reasoning given by the Interested Party in this request was
29  the same as for the first request for an extension. "Undersigned counsel has been working
30  diligently to complete the report with the medical provider's outside counsel, however, *the*
31  *records are extensive and coordinating with multiple parties and scheduled time off around the*
32  *holidays is always a difficult task."* (ECF No. 58, Page 1 at 2.) As with the first extension, again,
33  Interested Party states *"[a]dditional time is needed to finish the review of the records and*
34  *procure affidavits to provide a thorough and effective aid to the Court."* (Emphasis added; id., at
35  3.) *"This request is made in good faith and not for vexatious delay."* (Emphasis added; id., at 4.)
36  Interested Party requested and was granted 60 additional days to complete the court-ordered
37  Martinez Report.

38          A reasonable reading of the requests for additional time by the Interested Party would
39  conclude that they were diligently working to uncover facts; to interview witnesses and to secure
40  affidavits of the same; to compile accurate documentation (which would necessitate
41  electronically stored information), especially the "extensive medical records" and facts related to
42  the "complex" allegations contained in the Amended Complaint, to consider whether any action
43  can and should be taken by the institution to ameliorate the essence of the Amended Complaint;
44  "to determine whether other like complaints, whether pending in this Court or elsewhere, are
45  related to this Amended Complaint and should be considered together;" to retrieve and provide
46  to the court "copies of pertinent rules, regulations, official documents, and, wherever
47  appropriate, the reports of medical or psychiatric examinations [which] *shall be included in the*
48  *written report,"* (emphasis added; ECF No. 49) as ordered by the court. However, despite
49  "working diligently" (No. 58 at 2) that is not the result of the Interested Party's efforts.

50          The fanciful, biased, incomplete, malicious, fundamentally and deliberately false[8]
51  Martinez Report submitted to this Court[9] intentionally neglects to conduct this review or comply
52  with this Court's order for the very plausible – or, rather, essential -- reason that such a review
53  would reveal numerous complaints with similar allegations, either broadly or specifically, that
54  the Interested Party wishes to conceal from this court while the "recordings related to Plaintiff's
55  claims" would likely provide this Court with the facts it needs to screen the Amended Complaint

---

[2] U.S. Const. amends. I, IV, VI, VIII and XIV
[3] ECF No. 49, 09/20/2023
[4] ECF-No. 51, 10/09/2023
[5] ECF No. 59, 12/14/2023
[6] ECF No. 51, Page 1 at 3-5
[7] ECF No. 58, 12/14/23
[8] *See Hall v. Bellmon* 935 F. 2d 1106 (10*th* Cir. 1991)
[9] ECF No. 60, January 20, 2024

under 28 U.S.C. § 1915A and find my allegations fully corroborated, sufficient to state multiple claims, and, indeed, serve as the basis for still further counts of Constitutional violations.

The Defendants/Interested Party engaged in these dilatory tactics with the intention of obstructing justice in this matter and preventing the Plaintiff and the Court from having the facts to which they are entitled in order to come to a just, expeditious and proper resolution.

### III. ARGUMENT

**Defendants' Conflict of Interest, Fraudulent Conduct, Dilatory Tactics, Attempts at Obstruction of Justice and Spoliation of Evidence Warrant an Independent Investigator and the Imposition of Severe Sanctions**

Defendants, also serving as Interested Parties, have a personal stake in concealing the truth and preventing a full and impartial adjudication of this case. Their Martinez Report is demonstrably biased, highly incomplete, and based on risible and shocking fabrications, falsifications, and omissions, which more than suggest tampered-with evidence.

I saw first-hand the spoliation of evidence by the Defendants/Interested Party during my placement in solitary confinement (for which they now say never happened…a disagreement that would resolve itself instantly upon the compliance of this Court's order to produce recordings by the Defendants/Interested Party) in I-pod. Defendants/Interested Party regularly – if not exclusively – communicated about their illegal activities via post-it note so they could, and, as I witnessed with my own eyes on many occasions, most certainly did, tear the post-it note into tiny pieces so as to leave no paper trail, electronic information or ability for any court to provide the review that it is authorized and compelled to undertake.

Defendants/Interested Party inflicted near-death and nearly constant physical, mental and emotional torture upon Plaintiff and they now intend to disregard the fundamental tenet of checks and balances in their never-ending pursuit of doing whatever they want with no concern for the humans to whom they are sworn to protect – exerting more effort and resources to covering up their actions than simply to properly training themselves and perform their duties with even a scintilla of professionalism and fidelity to the Constitution of the United States.

The Defendants/Interested Party place themselves in a separate category from everyone else: They think that they are above the law (not the custodians of it), that they are clever, that they are untouchable. They think this way because they have been getting away with it for so long with impunity.

One need look no further than the conduct and status of Roger Golubski[10][11][12][13][14][15], the 35-year-veteran of the Kansas City, Kansas Police Department, to understand the crux of the situation in Wyandotte County. (Notably, the Interested Party failed to disclose the fact that this disgraced law enforcement officer has at least one civil rights case ongoing in this very Court with certain similar Defendants and one case in which the same similar Defendant settled another civil rights case for $12.5 million.)[16][17]

The Martinez Report concocted by the Interested Party (and, thus, fundamentally, the Defendants) is further evidence of their shocking belief that they are always going to get away with "it."

### IV. RELIEF REQUESTED

The Plaintiff respectfully requests the following relief:

1. An order compelling the Interested Party, Wyandotte County Sheriff, and Wyandotte County District Attorney to comply with the Court's order (ECF No. 49) in full and following the Federal Rules of Civil Procedure.

2. The appointment of an independent investigator to conduct the Martinez Report at the expense of the Interested Party.

3. Authorization for the independent investigator to access and analyze all relevant systems and evidence, including the hiring of experts as necessary.

4. The imposition of severe sanctions on the Interested Party (to include all relevant parties qualified for sanction under Rule 37 of the Federal Rules of Civil Procedure).

5. Any other relief the Court considers just and proper in the pursuit of justice and the facts.

---

[10] Retired detective and Kansas City drug kingpin charged with conspiring to run an underage sex-trafficking operation | CNN

[11] Federal case against former Kansas City, Kansas, Detective Roger Golubski could expand | KCUR - Kansas City news and NPR

[12] Who is Roger Golubski? Exposing a 'chameleon' who built a career on abusing Black women | KCUR - Kansas City news and NPR

[13] FBI has investigated Kansas City, Kansas, Police for decades, but prosecution of bad cops is rare | KCUR - Kansas City news and NPR

[14] Kansas City, Kansas, empowered police to exploit and humiliate Black community, lawsuit says | KCUR - Kansas City news and NPR

[15] Unified Government to pay $12.5 million to wrongfully imprisoned Kansas City, Kansas, man | KCUR - Kansas City news and NPR

[16] *Houcks, et. al. v. Unified Government of Wyandotte County and Kansas City, Kansas, et. al.* (D. Kan. filed Nov. 3, 2023; Case 2:23-cv-02489-TC-BGS)

[17] *Lamonte McIntyre & Rose Lee McIntyre v. UG of WyCo and KCK, et. al* (D. Kan, filed Oct. 11, 2018; *Case 2:18-cv-02545-KHV)*

4

114  
115  
116  
117  
118  
119  
120  
121  
122  

**Respectfully submitted,**

**s/ Matthew Charles Schlobohm**

**February 25, 2024**

**Pro se plaintiff**

4210 Clark Ave., Apt 302

Kansas City, MO 64111

816-621-9149

matthew.schlobohm@gmail.com