IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW SCHLOBOHM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 23-3014-JWL |
| | ) |
| DONALD ASH, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENT TO THE MARTINEZ REPORT

**COMES NOW**, the Wyandotte County Sheriff's Office (WYSO), as an Interested Party, by and through counsel, respectfully submits this Supplement to the Martinez Report ordered by this Court on September 20, 2023 [DOC. 49] as an aid to the Court in further screening the merits of Plaintiff's (Schlobohm) claims. The purpose of this report is to provide the Court with the underlying documentation reviewed in preparation of the original report, additional corroborating affidavits, and an additional piece of evidence located after the report's original submission date of February 20, 2024. In addition, WYSO will attempt to address concerns raised by Plaintiff in his "Pre-Response Motion to Compel" [DOC. 61]

### Pre-Response Motion to Compel Filed By Plaintiff [Doc. 61]

In response to the Martinez Report, Plaintiff filed a document entitled "Plaintiff's Pre-Response Motion to Compel." [DOC. 61]. WYSO then filed a Motion for Leave to Supplement the Martinez Report and to file a Motion to Strike. [DOC. 62] The Court

granted the motion to supplement the Martinez, but denied the Motion for Leave to file the Motion to Strike [DOC. 62] and Plaintiff's Motion [DOC. 61] as moot.

Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), this Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim. See, e.g., *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987)

It is well within the agency's (Defendant or Interested Party) discretion to determine what records and affidavits best address the allegations of the Complaint and provide the Court with sufficient information to comply with the screening requirements. There is no magic formula for the preparation, and often the contents of the Complaint itself shape the form and substance of the report generated with the goal of being clear, concise, and efficient and not providing duplicative or redundant information.

WYSO will ignore, for the time being, the inflammatory and unsubstantiated rhetoric but simply state that the Martinez Report is not a substitute for discovery, but rather a screening tool for the Court. *See Rachel v. Troutt*, 820 F.3d 390 (10th Cir. 2016). The Martinez "process is designed to aid the court in fleshing out possible legal bases of relief from unartfully drawn pro se prisoner complaints, not to resolve material factual issues." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). However, because "a Martinez report may be used in a variety of contexts, including a motion for summary judgment or sua sponte entry of summary judgment," it is in the preparer's interest to submit a comprehensive and factually supported report. *Hall v. Bellmon*, 935 F.2d 1106,

1109 (10th Cir. 1991). This Supplement is a comprehensive compilation of the records related to Plaintiff's claim during his incarceration period from December 5, 2022 through his release on January 19, 2023.

### **PREVIOUSLY STATED FINDINGS OF THE WYANDOTTE COUNTY SHERIFF'S OFFICE WITH ADDITIONAL SUPPORTING DOCUMENTATION**

**Allegations:**

Plaintiff's claims relate to the conditions of his confinement and the medical care provided at the WCDC. He alleges that the WCDC was overcrowded, understaffed, and filthy. He states that he was locked down 24 hours a day. Plaintiff further alleges that despite having multiple serious conditions, he received none of his prescribed medication while at the WCDC. He asserts that he was refused a COVID-19 vaccination, contracted COVID-19, became very ill, and did not receive adequate treatment. Plaintiff claims that the defendants interfered with his legal mail and denied him access to the courts. [DOC. 49, pg. 1]

**Response:**

The foregoing allegations are without merit. The affidavit and exhibits attached hereto are incorporated as if fully set forth herein.

1. A third-party contractor, Wellpath, provides medical care and treatment to offenders incarcerated at the Wyandotte County Detention Center. At the request of the WYSO, Wellpath, with the approval of their independent legal counsel, conducted a comprehensive review of Plaintiff's medical records, and have provided affidavit testimony and supporting documentation relative to

Plaintiff's care and treatment during his incarceration. The WYSO now submits a full copy of Plaintiff's medical records under seal. During his residency at the WCDC, Plaintiff received timely appropriate medical care and treatment for his ailments.

**Supporting Exhibit(s): 1, A, B, C, D, and 3**

2. Plaintiff's legal mail and access to the Courts was not interfered with. He had tablet and law library access and was provided with envelopes, stamps, and notary services upon request and in a timely manner. An envelope on file with this Court in Case No.: 22-3314, United States District Court for the District of Kansas confirms that no interference with legal mail occurred or was opened, and was not delayed.

   **Supporting Exhibit(s): 2,4, 5, 8, 9, 10, 11**

3. Plaintiff's housing conditions were sanitary and clean.

   **Supporting Exhibit(s): 2**

4. Plaintiff's movement was limited due to COVID-19 protocols in place at the time of his incarceration.

   **Supporting Exhibit(s): 2, 6, 7**

## INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| 1 | Affidavit of Dee Dee Gregory with Supporting Records marked A,B,C,D (filed with Martinez Report on February 20, 2024 (Doc. 60) |
| 2 | Affidavit of Major Charles Patrick (filed with Martinez Report on February 20, 2024 (Doc. 60) |
| 3 | Medical Records for Plaintiff, to be filed Under Seal |
| 4 | Affidavit of Wallrine Freeman |
| 5 | Copies of ICF's and Grievance Records |
| 6 | Cell History |
| 7 | Emails and Memos re COVID |
| 8 | Policy for Processing Mail (F-115) |
| 9 | Inmate Handbook re Mail procedures |
| 10 | Envelope from Case No.: 22-3314, U.S. District Court - Kansas |
| 11 | Tablet Usage |

Respectfully Submitted,

/s/     Joni Cole
Joni Cole, KBN 24798
710 N. 7th Street
Kansas City, Kansas 66101
Ph:  913-573-5069
Email: jscole@wycokck.org

## **CERTIFICATE OF SERVICE**

I certify that on this 1st day of April, 2024, a true and correct copy of the foregoing was filed using the District Court CM/ECF system with a hard copy mailed to the Plaintiff at:

Matthew Charles Schlobohm
4210 Clark Avenue, Apt. 302
Kansas City, MO 64111


/s/     Joni Cole
        Legal Advisor to the Sheriff