IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

      Plaintiff,                                                  CASE NO. 23-3014-JWL

      v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS, et. al.,

      Defendants.

**MOTION TO QUASH INTERESTED PARTY'S SUPPLEMENTAL MARTINEZ REPORT FILINGS PENDING AN ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION AND LEAVE TO AMEND CAPTION (Document 64) and MOTION FOR APPOINTMENT OF SPECIAL MASTER**

COMES NOW the Plaintiff, Matthew Charles Schlobohm, pursuant to relevant case law and the Federal Rules of Civil Procedure[1], hereby respectfully realleges and incorporates by reference all the arguments and prayers for relief laid out in Doc. 60 ("MOTION TO COMPEL") and Doc. 64 ("MOTION FOR CLARIFICATION AND LEAVE TO AMEND CAPTION") and requests that this Honorable Court issue a clarification of its orders (Doc. 49, filed 09/20/2023; Doc. 63, filed 03/26/24), specifically regarding the production of recordings (which would necessarily include all phone calls, audio/video surveillance, and any other recordings regardless of format, or media), Electronically Stored Information (ESI), and any and all other documents accessible by the Interested Party, Wyandotte County Sheriff's Office ("WYSO"), or the other

---

[1] "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 . . . (1983); see also Fed. R. Civ. P. 54(b)

1

Case 5:23-cv-03014-JWL   Document 68   Filed 04/02/24   Page 2 of 3

14  Defendants. Further in support of my motions, Plaintiff points out that the Interested Party is

15  plainly acting not as an impartial investigator with a court-ordered mandate to uncover facts, but,

16  rather, as a biased, malicious, dilatory, unscrupulous counsel for the *Defendants* (who have yet to

17  be served) – making the appointment of a Special Master a requirement. You simply cannot rely

18  on the findings of the Interested Party in the pursuit of justice or facts.

19  　　　Case law clearly supports my production request (which was ordered by the Court to

20  assist it in ascertaining the *facts* – it was not requested by the Plaintiff), which is among the

21  reasons why the Interested Party – for the first time in this case – did not seek a dilatory

22  extension or file a frivolous or sham pleading to this Court: They hurried to get their sham

23  supplement into the record before the Court would rule on my motions and thus claim they had

24  no knowledge of case law or the letter or intent of the court order. I would never presume to

25  educate the Court on legal matters, but I respectfully would like to remind the Court that *I* am

26  the pro se litigant suffering from both Long COVID and PTSD that I acquired at the hands of the

27  Interested Party/Defendants – not them. The lenience and liberal construing of pleadings do not

28  pertain to licensed attorneys who serve as top legal officers for governmental entities.

29  　　　**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court issue a

30  clarification of its orders (Docs. 49 and 63) concerning the production of recordings (of any and

31  all format or media, including, but not limited to, phone calls, video/audio surveillance, blood

32  test results, or any other item), ESI (to include for all information submitted), and any other

33  documents or records by the Interested Party; leave to amend the caption of the case and an order

34  compelling the Interested Party to properly caption its motions, yet in no event extend the

35  deadline for the production of materials beyond the extended deadline of April 2, 2024, lest the

36  Interested Party potentially subject itself to sanctions as previously described (Doc. 61), the

2

appointment of a Special Master to take over the investigation of the facts of this case with a broad mandate to execute this Court's orders (Docs. 49 and 63), and provide any other relief that is just and proper.

**Respectfully submitted,**

**s/ Matthew Charles Schlobohm**
**April 2, 2024**
**Plaintiff**
4210 Clark Ave., Apt 302
Kansas City, MO 64111
816-621-9149
[matthew.schlobohm@gmail.com](mailto:matthew.schlobohm@gmail.com)

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day of April 2, 2024, a true and correct copy of the foregoing Motion for Clarification was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification to all parties required to be served.**

**s/ Matthew Charles Schlobohm**
**April 2, 2024**
**Plaintiff**