IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

    **Plaintiff,**

    v.                                  CASE NO. 23-3014-JWL

DONALD ASH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on two motions filed by Plaintiff. The first is titled "Motion for Clarification and Leave to Amend Caption" (Doc. 64). In the motion, Plaintiff asks the Court to issue a clarification of its previous order to make sure the Interested Party Wyandotte County Sheriff's Office ("WYSO") knows that it should produce known recordings, electronically stored information and other documents as part of the *Martinez* report. (Doc. 64, at 1-2.)

The *Martinez* report order (Doc. 49) stated as follows: "Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included." (Doc. 49, at 3.) The Court finds that its previous order is sufficient. To the extent Plaintiff seeks to expand the Court's order, his motion is denied. If this case survives screening and proceeds to formal discovery, Plaintiff may request the production of additional evidence using the language he sees fit.

The Court further notes that the *Martinez* report procedure developed to help the Court ascertain whether there are any factual or legal bases for a prisoner's claims as part of the screening process. *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). "Prisoner *pro se* civil rights

1

complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to . . . sanctions." *Id.* "District courts order *Martinez* reports to aid in identifying and clarifying the issues pro se plaintiffs raise in their complaints, to assist in the court's broad reading of pro se litigants' pleadings, and to supplement plaintiffs' descriptions of the practices they contend are unconstitutional." *Jennings v. Yates*, 792 F. App'x 606, 609 (10th Cir. 2019).  The report is not intended to serve as formal discovery.  "Courts order the *Martinez* report not to provide discovery, but to aid in screening the complaint." *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016).

Plaintiff also asks the Court to amend the caption of the case.  This request is denied.  It is the practice of the Court to maintain the initial caption of a case even if the first named defendant is terminated.

The second motion before the Court is titled "Motion to Quash Interested Party's Supplemental Martinez Report Filings Pending an Order on Plaintiff's Motion for Clarification and Leave to Amend Caption (Doc. 64) and Motion for Appointment of Special Master." (Doc. 68.)  Plaintiff repeats the requests made in Doc. 64, which are addressed above.  He also asks the Court to appoint a special master to "take over the investigation of the facts of this case" because the Interested Party is not acting as an "impartial investigator." (Doc. 68, at 2, 3.)

The Court again notes that this case has not reached the discovery phase and finds that the appointment of a special master is not appropriate at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Clarification and Leave to Amend Caption (Doc. 64) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Interested Party's Supplemental Martinez Report Filings Pending an Order on Plaintiff's Motion for Clarification

and Leave to Amend Caption (Doc. 64) and Motion for Appointment of Special Master (Doc. 68) is **denied**.

    **IT IS SO ORDERED.**

    **DATED:  This 3rd day of April, 2024, at Kansas City, Kansas.**

                             **S/   John W. Lungstrum**
                             **JOHN W. LUNGSTRUM**
                             **UNITED STATES DISTRICT JUDGE**