# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MATTHEW CHARLES SCHLOBOHM,**

      **Plaintiff,**                         **CASE NO. 23-3014-JWL**

      **v.**

**DONALD ASH, et. al.,**

      **Defendants.**

## MOTION TO COMPEL COMPLIANCE WITH COURT-ORDERED MARTINEZ REPORT

**COMES NOW** the Plaintiff, Matthew Charles Schlobohm, Pro Se, and respectfully moves this Honorable Court to compel the Interested Party to comply with the court-ordered Martinez Report (Doc. 49, dated September 20, 2023), and for such other and further relief as indicated below and as the Court deems just and proper. In support of this Motion, Plaintiff states as follows:

### BACKGROUND

On September 20, 2023, this Court ordered the production of a Martinez Report, specifically mandating that "any recordings related to Plaintiff's claims shall also be included." (Doc. 49, at 3). Despite this clear directive, the Defendants have failed to comply with the Order, particularly concerning the production of the specified recordings which are known to exist and are of paramount importance for establishing the lack of frivolity or maliciousness of Plaintiff's Amended Complaint.

The Plaintiff previously sought production of the known recordings as well as clarification of the Interested Party's obligations through its "MOTION TO COMPEL" (Doc. 61) and "MOTION FOR CLARIFICATION" (Doc. 64) regarding the production of "any recordings," to which the Court responded by affirming that its previous order was sufficiently clear and required no further clarification.

The recordings in question are of paramount importance for the Court to adequately screen Plaintiff's Amended Complaint. The Defendants' non-production of these recordings is perceived as a deliberate act of non-compliance with the Court's order, aimed at prejudicing Plaintiff's claims. The Interested Party's non-compliance also serves to underscore the merits of the Amended Complaint as far as it shows a cavalier disregard for the inherent authority of this Court and all parties' obligations to comply with court orders.

## ARGUMENT

The public's right of access to judicial records is a well-established principle, underscored by the presumption in favor of public access. This principle supports Plaintiff's position that the Defendants' failure to produce the ordered recordings undermines not only the Plaintiff's rights but also the public's interest in the transparency and integrity of the judicial process.

The Defendants' "MOTION FOR LEAVE TO FILE EXHIBIT 3 TO THE MARTINEZ REPORT SUPPLEMENT UNDER SEAL" (Dated April 1, 2024) was processed without giving the Plaintiff adequate time to object or respond, and without sufficient rationale to overcome the strong presumption of public access to judicial records[1]. As noted to the Interested Party in a

---

[1] *United States v. Walker*, No. 17-1415 (10th Cir., 2019); *United States v. Pickard,* Case No. 00-40104-01/02-RDR (D. Kan., 2012); *United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013).

34  previous case, to overcome the "common-law right of access to judicial records" (Mickles v.

35  Bond, Not Reported in Fed. Supp. (2022) quoting Carefusion 213, LLC v. Pro. Disposables, Inc.,

36  No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (internal citations omitted),

37  "[t]he party seeking to overcome the strong presumption of public access must show the

38  'countervailing interests heavily outweigh' the public interest in access to court proceedings and

39  documents. To do so, '[t]he parties must articulate a real and substantial interest that justifies

40  depriving the public of access to the records that inform the Court's decision-making process."

41  (id., quoting Colony Ins. Co v. Burke, 698 F.3d 1222, 1242 (10th Cir. 2012). Then, as now,

42  "[w]ithout citing any authority, Defendants, in their motion, request an exhibit to the *Martinez*

43  Report…be filed under seal…[because it] is confidential, 'and or private in nature.'" (id., at Page

44  1(1)(B).) Plaintiff respectfully objects to the approval of this Motion as clear error, prejudicial to

45  the administration of justice and my case, and contrary to established case law as noted above.

46     Plaintiff wishes to note for the record that the Interested Party sought "LEAVE…TO

47  FILE A RESPONSE TO 'PLAINTIFF'S PRE-RESPONSE MOTION TO COMPEL' [DOC. 61]"

48  and the Court denied that request. Nevertheless, consistent with wanton disregard of court orders

49  and doing so under seal, the Interested Party proceeded to do so anyway. Since their response

50  was made under seal, Plaintiff is unsure if he is allowed to reference it directly; however, this

51  serves, again, as a custom, policy, or practice of the Defendants/Interested Party of disregarding

52  direct court orders and proceeding as they please with impunity and in secret in order to

53  prejudice the administration of justice, accountability for their misconduct, and, in the instant

54  case, Plaintiff's ability to have a fair hearing before this Court. Further, considering Plaintiff's

55  experience with the Defendants/Interested Party, he takes their court-denied, sealed reply as a

56  threat to his personal safety as well as feelings of intimidation, PTSD-related flashbacks to the

57  events giving rise to this cause of action and concerns about the impartiality of the process.

58                                    **RELIEF SOUGHT**

59        Plaintiff respectfully requests that this Court order the Defendants to comply with the

60  Court's order (Doc. 49) by producing all recordings related to Plaintiff's claims forthwith.

61        Plaintiff further requests that this Court deny the Defendants' motion to file Exhibit 3 to

62  the Martinez Report Supplement under seal, or in the alternative, to review the exhibit and

63  determine whether it, or any part of it, can be unsealed and narrowly redacted consistent with the

64  principles of public access to judicial records.

65        Plaintiff further requests that the Court consider sanctions, in a manner it sees fit, for the

66  continued non-compliance of court orders by the Interested Party/Defendants, pursuant to the

67  American Bar Association's Model Rules of Professional Conduct, particularly Rule 8.4(d),

68  which prohibits conduct prejudicial to the administration of justice, fear for personal safety, or

69  concerns about the impartiality of the process.

70        Plaintiff requests any other relief this Court deems just and proper in the interests of

71  justice and transparency.

72

73                                              **Respectfully submitted,**

74                                              **s/ Matthew Charles Schlobohm**

75                                              **April 12, 2024**

76                                              **Plaintiff**

77                                              4210 Clark Ave., Apt 302

78                                                    Kansas City, MO 64111

79                                                816-621-9149

80                                   matthew.schlobohm@gmail.com

81

82                              **CERTIFICATE OF SERVICE**

83

84   **I hereby certify that on this day of April 12, 2024, a true and correct copy of the foregoing**

85   **Motion for Clarification was filed electronically with the Clerk of the Court using the**

86   **CM/ECF system, which will send notification to all parties required to be served.**

87                                **s/ Matthew Charles Schlobohm**

88                                       **April 12, 2024**

89                                             **Plaintiff**

90