IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

       Plaintiff,                                CASE NO. 23-3014-JWL

v.

DONALD ASH, et al.,

       Defendant.

**PLAINTIFF'S MOTION IN SUPPORT OF PREVIOUS MOTION FOR RECONSIDERATION OF ITS PREVIOUS "MOTION TO EXERCISE SUPPLEMENTAL JURISDICTION" (DOC. 79)**

      Plaintiff, Matthew Charles Schlobohm, proceeding pro se, hereby submits this Motion in Support of Previous Motion for Reconsideration (Doc. 79) pursuant to Federal Rule of Civil Procedure 60 and respectfully requests the Court to reconsider its prior ruling based on the failure of the Interested Party to provide all medical and psychiatric records related to the Plaintiff, including records from mental health interns, as well as the exact same version of the *Martinez* Report that was submitted to the court. Additionally, Plaintiff seeks the production of all recordings, including phone calls and audio-visual recordings, related to Plaintiff's time in custody, pursuant to the "reliable evidence" (quoting the Court, Doc. 74) Plaintiff has brought to the Court's attention in his previous Motion to Exercise Supplemental Jurisdiction (Doc. 77).

INTRODUCTION

      Plaintiff previously filed a Motion for Reconsideration (Doc. 79) to which the Court has not ruled. However, the Interested Party has failed to comply with the Court's order to produce an adequate *Martinez* Report (Doc. 49) in several critical aspects, which has prejudiced Plaintiff's ability to respond meaningfully to the

*Martinez* Report (Doc. 60) and to present a complete and factual case thus preventing a fair hearing before this Court on fundamental facts that the Interested Party has failed to produce despite being ordered to do so in the Court's initial order (Doc. 49) and the Court restating its expectations of the Report on multiple occasions (Doc. 69; Doc. 74 at 1-2) upon Plaintiff's motions for clarification (Doc. 64) and to compel compliance with court-ordered *Martinez* Report (Doc. 71).

FACTUAL BACKGROUND

Plaintiff has encountered numerous instances where medical and psychiatric records, which are crucial to the case, have not been produced. Specifically, *all* encounters with mental health interns, who are believed to have maintained separate and/or electronic records from the Wellpath staff, have not been disclosed. These records are essential for a full understanding of Plaintiff's medical and psychiatric history and are likely to contain information that contradicts the corrupted records produced by Wellpath, LLC.

"These records" include: Any and all records, data, notes, correspondence, memoranda, summaries, test results, timelines or reference materials maintained by Wellpath, LLC, and/or the Interested Party; as well as, any and all records, data, notes, correspondence, memoranda, summaries, test results, timelines or reference materials upon which diagnoses, prognoses, treatment and/or opinions are based; all treatment-team meeting notes, treatment-plan documentation, notes and memoranda, including all in-house notes regarding Plaintiff; the complete file in this matter in native format with metadata included – after all, how can Plaintiff meaningfully respond to falsified records and how can the Court meaningfully review the *Martinez* Report if the facts are so disputed as to render the Report utterly useless except as an instrument of fraud upon the Court?

Upon information and belief, and based on personal discussions with Dr. Suzanne Stevens, Sleep Disorders Institute, Plaintiff believes that Dr. Stevens on two separate occasions directly communicated with the "medical director at the jail" and that "he" said "[Plaintiff] will *never* get his medications here." Therefore, all phone logs, notes, recordings, and any other information maintained by the Interested Party and/or Wellpath, LLC, related to such a fundamental aspect to both the Amended Complaint and the *Martinez* Report as well as to Plaintiff's ability to file a proper response require the production of said records.

Moreover, Plaintiff has reason to believe that the version of the *Martinez* Report submitted to the Court electronically by the Interested Party is not the same as the one provided to Plaintiff. The alleged falsification of medical records underlying this case has eroded Plaintiff's confidence in the Interested Party's and Wellpath, LLC's ability to provide consistent and accurate documentation.

Plaintiff also seeks all recordings that would demonstrate the alleged poisoning of Plaintiff's food while in custody. This includes phone calls, audio-visual recordings from the pods, and surveillance footage of meal services – from the kitchen to the meal trays conveyance to the pods (especially including while stationed between Medical and I-pod) and through final delivery to Plaintiff. These recordings are critical to establishing the chain of custody of Plaintiff's food and to substantiate the claims of poisoning. Plaintiff seeks all recordings related to *his* meals, not every meal service for every individual in the facility.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 60, a party may seek relief from a court order for reasons including mistake, inadvertence, surprise, or excusable neglect;

newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief.

## ARGUMENT

The failure to produce the requested medical and psychiatric records, the exact version of the Martinez Report, and the recordings related to Plaintiff's time in custody constitutes a significant oversight that warrants reconsideration of the Court's prior ruling. These materials are not only relevant but are also likely to be material to the issues at hand. The absence of these records and recordings has significantly prejudiced Plaintiff's case, as it prevents a thorough and factual response to the Martinez Report and hinders the presentation of a complete case.

Furthermore, the production of these materials is not an undue burden on the Interested Party or Defendants, as they are already in digital format and can be easily and inexpensively transmitted to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion in Support of Previous Motion for Reconsideration (Doc. 79), compel the Interested Party and Defendants to produce all medical and psychiatric records related to Plaintiff in native format, the exact same version of the Martinez Report submitted to the Court in native format, and all recordings related to Plaintiff's time in custody in native format, including phone calls, audio-visual recordings from the pods, and surveillance footage of meal services. Plaintiff further requests any other relief the Court deems just and proper.

Respectfully submitted,

**/s/ *Matthew Charles Schlobohm***
Matthew Charles Schlobohm
Plaintiff
4210 Clark Avenue, Apt. 302
Kansas City, MO 64111
(816) 621-9149
matthew.schlobohm@gmail.com
DATED: May 22, 2024

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day of May 22, 2024, a true and correct copy of the foregoing "PLAINTIFF'S MOTION IN SUPPORT OF PREVIOUS MOTION FOR RECONSIDERATION OF ITS PREVIOUS "MOTION TO EXERCISE SUPPLEMENTAL JURISDICTION" (DOC. 79)" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification to all parties required to be served.

/s/ *Matthew Charles Schlobohm*
**Plaintiff**