IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

    Plaintiff,

    v.                                CASE NO. 23-3014-JWL

DONALD ASH, et al.,

    Defendants.

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff's claims arose during his confinement as a pre-trial detainee at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC").

The Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") on January 20, 2023, giving Plaintiff an opportunity to show good cause why his claims should not be dismissed or to file an amended complaint addressing the deficiencies. After requesting and receiving six (6) extensions of time, Plaintiff filed his First Amended Complaint (Doc. 48) on August 14, 2023. The Court entered a Memorandum and Order ("M&O") (Doc. 49) finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate officials of the WCDC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The Court ordered WCDC officials to prepare and file a *Martinez* Report, stating that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 49, at 2.) The *Martinez* Report (Docs. 60, 66, and 67) (the "Report") was filed, and the Court screened Plaintiff's First Amended Complaint in light of the Report. The Court entered a second memorandum and order

1

to show cause ("MOSC II") (Doc. 82) directing Plaintiff to show cause by August 23, 2024, why this matter should not be dismissed due to the deficiencies set forth. The MOSC II stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.

Plaintiff requested and received four (4) extensions of time, making the revised deadline September 23, 2024. The Court stated in its order granting the final extension that "**[t]here will be no further extension of the deadline**." (Doc. 92, at 2.) On September 23, Plaintiff filed a Motion to Withdraw Complaint without Prejudice (Doc. 93). Plaintiff stated that he wished to voluntarily dismiss this action with plans to re-file at a later date.

Then, before the Court took up the motion, Plaintiff submitted seven (7) filings:

1) Letter to the Court (Doc. 94; dated September 24 and filed September 25, 2024) – Plaintiff states that he wants to bring to the attention of the Court "significant discrepancies" between Exhibit 3 to the *Martinez* Report (Doc. 66; Plaintiff's medical records) and the physical copy of the medical records delivered to Plaintiff. However, while he lists four (4) references to Doc. 66 from the MOSC II, he fails to explain what the discrepancies are or how they are relevant. He also states that he is "working in good-faith to complete [his] Response to the Show Cause Order." (Doc. 94, at 2.)

2) Declaration of Matthew Charles Schlobohm (Doc. 95) – Plaintiff states that the attached "Exhibit F" is a true and correct copy of "Exhibit 3" as it was delivered to him.,

3) Exhibit F (Doc. 96) – A purported copy of the medical records provided to Plaintiff.

4) Motion for Leave to File Exhibit F to Declaration under Seal (Doc. 97) – Plaintiff states that Exhibit F contains highly sensitive, medical and private information and asks that the exhibit be sealed.

5) Motion for Protective Order to View Sealed Exhibit (Doc. 98) – Plaintiff asks to be permitted to view Doc. 66, which is sealed. He again asserts that there are discrepancies between Doc. 66 and the physical copy he received, but he does not describe any discrepancy.

6) Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99) – Plaintiff asks the Court to disregard his previous request to voluntarily dismiss his case.

7) Request for Judicial Notice (Doc. 100) – Plaintiff asks the Court to take judicial notice of assorted media reports, letters, and documents from other cases relating to Wellpath. Plaintiff does not assert that any of the documents mention him or the WCDC.

In spite of Plaintiff's numerous filings, Plaintiff has not filed a substantive response to the MOSC II as of the date of this Order. Plaintiff has failed to show good cause why dismissal should not be entered. Consequently, for the reasons explained in the MOSC II (Doc. 82), Plaintiff's First Amended Complaint is dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Withdraw Complaint without Prejudice (Doc. 93) is **denied** as moot in light of his subsequent request to withdraw the motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Exhibit F to Declaration under Seal (Doc. 97) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99) is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (Doc. 98) is **denied** as moot.

**IT IS SO ORDERED.**

Dated September 27, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**