IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

    **Plaintiff,**

    v.                                                                         CASE NO. 23-3014-JWL

DONALD ASH, et al.,

    **Defendants.**

## MOTION TO RECONSIDER AND REOPEN CASE BASED ON VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Matthew Schlobohm, proceeding pro se in this closed matter, respectfully submits this Motion to Reconsider and Reopen Case based on the Voluntary Dismissal Without Prejudice, and in support thereof, states as follows:

I. Introduction

1. On September 23, 2024, Plaintiff filed a Motion to Withdraw Complaint Without Prejudice (Doc. 93). Defendants had not filed an answer or motion for summary judgment.

2. Plaintiff's motion should have immediately ended the case as if it never happened, thereby preserving Plaintiff's right to refile the complaint at a later date, which was his explicitly stated intention.

3. The District Court's subject-matter jurisdiction over this matter was effectively terminated upon the filing of the Motion to Withdraw Complaint Without Prejudice, as was clearly established by this court (*See Monare Moore v. Donald Hudson, et al.*, Case No. 23-3168-JWL, March 11, 2024) and the Tenth Circuit (See *Waetzig v. Halliburton Energy Servs.*, 82 F.4th 918 (10th Cir. 2023).

II. Argument

**It was clearly established on September 23, 2024, that this court lost subject-matter jurisdiction over this case the instant that Plaintiff filed the Motion to Withdraw Complaint Without Prejudice -- all representations of facts, attempts to adjudicate the merits, and subject-matter orders undertaken subsequent to the filing by the District Court therefore are nullities.**

4. Addressing the two rules[1] central to *Waetzig* while helpfully being directly on point for purposes of this motion, the Tenth Circuit reiterated that "The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. **This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. <u>There is not even a perfunctory order of court closing the file.</u>** Its alpha and omega was the doing of the plaintiff alone." *Waetzig* citing *Janssen v. Harris,* 321 F.3d 998 (10th Cir. 2003) quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir. 2001) (emphasis added).

5. "Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and **may not address the merits of such claims or issue further orders pertaining to them**." *Id.* (emphasis added).

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(i) and 60(b)

6. "'Under Federal Rule of Civil Procedure 41(a)(1), a 'plaintiff may dismiss an action without a court order by filing … (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.' **This type of voluntary dismissal 'does not require an order of the court' and is effective as of the date the notice is filed**." *Moore* quoting *Janssen*, 998, 1000-01 (emphasis added).

7. "In addition, '[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice.' *Id.*, stating F. R. Civ. P. 41(a)(1)(B).

8. "The Tenth Circuit has held that 'a voluntary dismissal without prejudice under Rule 41(a) divests the district court of subject-matter jurisdiction to consider a Rule 60(b) motion to reopen." *Id.*, quoting *Waetzig*, 918, 920.

**Plaintiff decided in good faith to voluntarily dismiss his complaint without prejudice -- denying the effect of such a dismissal would capriciously deprive Plaintiff's ability to seek redress for his grievances and would constitute an abuse of discretion.**

9. A district court abuses its discretion when the court relies on an erroneous conclusion of law or a clearly erroneous factual finding. *Hafen v. Howell*, F.4th (10th Cir. 2024).

10. A district court abuses its discretion if its ruling is arbitrary, capricious, or whimsical, or arises from an error of law or a clear error of fact. *Owens v. Unified Government of Wyandotte County and Kansas City, Kansas,* 100 F.4th 1177 (10th Cir. 2024).

11. A district court abuses its discretion when it (1) enters an arbitrary, capricious, whimsical, or manifestly unreasonable judgment or (2) applies the wrong legal standard. *United States ex rel. Barrick v. Parker-Migliorini International, LLC*, 79 F.4th 1262 (10th Cir. 2023).

III. Request for Relief

Based on the foregoing, Plaintiff respectfully requests that the Court:

12. Reconsider and grant the Motion to Withdraw Complaint Without Prejudice (Doc. 93), thereby recognizing the termination of this Court's jurisdiction over the nature of the matter as of September 23, 2024.
13. Reopen the case solely for the purpose of acknowledging the voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41, consistent with the legal precedent and principles outlined herein.
14. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Matthew Schlobohm*
Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816)621-9149
matthew.schlobohm@gmail.com
DATED: November 27, 2024

**CERTIFICATE OF SERVICE**

Page 4 of 5

I hereby certify that on November 27, 2024, a true and correct copy of the foregoing "Motion to Reconsider and Reopen Case Based on Voluntary Dismissal Without Prejudice" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

*/s/ Matthew Schlobohm*

Plaintiff