IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES
SCHLOBOHM,

      **Plaintiff,**

      v.                                                                                                                            CASE NO. 23-3014-JWL

DONALD ASH, et al.,

      **Defendants.**

**MOTION TO RECONSIDER UNDER LOCAL RULE 7.3, CORRECT MISQUOTATION, CORRECT RECORD AND SEEK CLARIFICATION REGARDING PRO SE ACCESS TO SEALED RECORDS VIA PACER**

      Plaintiff Matthew Schlobohm, proceeding pro se in this closed matter, respectfully moves this Court to reconsider and amend its order (Doc. 109) to correct a misquotation of Plaintiff's words and meaning (*id*, at 1), correct the record to reflect that Plaintiff in fact *had* given the Court reason to believe that the electronically filed version of Exhibit 3 and the hard copy provided to Plaintiff were different (*id.*, at 2), clarify that the Plaintiff never received a copy of a 204-page exhibit in the first place (*id.*, at 2), refund to Plaintiff the costs associated with procuring the unsealed electronically filed Exhibit 3, and clarify the basis for stating "Also, pro se filers cannot be granted access to see sealed data of any kind." (*id.*, at 1.) In support of this Motion, Plaintiff states as follows:

  1. On September 23, 2024, Plaintiff submitted a Motion to Withdraw Complaint Without Prejudice (Doc. 93).

  2. **On September 23, 2024, Plaintiff** submitted a Letter (Doc. 94) in which he **sought to bring to the court's attention "significant discrepancies and concerns…specifically concerning 'Exhibit 3' of the Supplement (Doc. 66) to the *Martinez* Report (Doc. 60)." (Doc. 94, at 1.)**

3. "…it has become apparent that the electronic version of 'Exhibit 3' submitted to the Court and the physical copy that was conventionally delivered to me are not the same." *Id.*

4. **"The Show Cause Order references specific page numbers and details within the sealed Exhibit, such as:**

- **'Wellpath also sent a Release of Information form…asking for Plaintiff's most recent medication list. (Doc. 60-1, at 13, 14.)' (Doc. 82, at 10.)**
- **'The information received back did not reflect Xarelto or any additional current prescriptions. (Doc. 66, 186.)' (*id.*)**
- **'As for treatment for COVID, Plaintiff's medical records show he reported symptoms on December 20, 2022, and tested positive on December 21, 2022. (Doc. 66, at 8.)' (Doc. 82, at 10.)**
- **'[t]he Doctor entered the following orders….(Doc. 66, at 151.)' (Doc. 82, at 10-12.)'"** *Id.*

5. Plaintiff also advised the Court that Affiant "Dee-Dee Gregory, RN" was not a licensed nurse on the Kansas Board of Nursing License Status Verification page, "suggesting a deliberate obfuscation of identity by the person in question, as well as by the Interested Party and its attorney…." *Id,* at 1-2.

6. Plaintiff concluded by "suggest[ing] that the sealed Exhibit 3 of the *Martinez* Report Supplement be stricken in its entirety" (*id.*, at 2) due to the described discrepancies and misconduct perpetrated by the Defendants/Interested Party.

7. **On September 25, 2024, Plaintiff** filed a Declaration (Doc. 95) in which he **stated**, **"This declaration is made in support of my motion for a protective order to view the sealed 'Exhibit 3' to ensure the integrity of the judicial process and for the Court's consideration of the discrepancies between the versions of 'Exhibit 3' submitted to the Court."** *Id.*, at 1-2.

8. Plaintiff concurrently filed the version of Exhibit 3 as he received it in the mail from the Interested Party/Defendants. (Doc. 96.)

9. **Plaintiff submitted a Motion for Protective Order to View Sealed Exhibit (Doc. 98) on the same day.** "There are discrepancies between the electronic version submitted to the Court and the physical copy received by the Plaintiff, necessitating this request for access." *Id.*, at 1.

10. **"***Good Cause Exists for Granting Access to the Plaintiff***: The Plaintiff has a compelling interest in accessing his own medical records to ensure the accuracy of the information presented to the Court and to address any discrepancies that may impact the case."** *Id.*

11. "The Plaintiff respectfully requests that the Court issue a Protective Order allowing him to view the sealed 'Exhibit 3' to the Supplement to the *Martinez* Report (Doc. 66), under conditions that the Court deems appropriate to protect the confidentiality and privacy of the information contained therein." *Id.*, at 2.

12. On September 26, 2024, Plaintiff submitted a Request for Judicial Notice (Doc. 100) regarding various Federal court cases, news reports, and letters from a cadre of United States senators addressed to executives of Wellpath, LLC (and the responses *from* Wellpath, LLC to the senators**) "concerning allegations that represent a systemic neglect and deliberate indifference to the serious medical needs of its patients as well as to patterns or practices that have been found to**

**potentially violate the Constitutional rights of likely similarly situated persons in other jurisdictions."** *Id.*, at 1.

13. "Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The materials for which judicial notice is requested herein are publicly available, widely reported, and come from reputable sources or directly from court records, thus meeting the criteria set forth in Rule 201." *Id.*, at 4.

14. On September 26, 2024, Plaintiff futilely and mistakenly filed a Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99) despite the previous notice to withdraw the complaint without prejudice constituting a self-executing termination of the case as if it never happened and rendering the case unable to be reopened even if the court or the plaintiff wanted to do so. *See Moore v. Hudson*, 23-3168-JWL, D. Kan. 2024.

15. On September 27, 2024, the Court entered judgment against the Plaintiff (Doc. 102), dismissing the action for failure to state a claim upon which relief may be granted (Doc. 101), and denying Plaintiff's motion for a protective order (*id.*).

16. On November 19, 2024, this Court entered an Order (Doc. 109) that had the effect of allowing Plaintiff to view the up-to-then sealed, electronically filed Exhibit 3 to the Supplement (Doc. 66) to the *Martinez* Report (Doc. 60), which triggered the Defendant's intended procedural booby-trap of exposing the Plaintiff's most sensitive and medical information for public consumption as the cost for accessing the materially different information that the Defendants provided to the Court.

17. In Doc. 109, the Court stated, "Plaintiff alleges that the version of Exhibit 3 on PACER differs from the hard copy of Exhibit 3 that he received. **He argues that while he knows this 'with certainty,' he needs access to 'properly seek relief from the judgment and/or order against him.' (Doc. 108-1, at 1.)**" (*id.*, at 1.)

18. This is clearly erroneous, as it misquotes Plaintiff's actual words and misinterprets and misapprehends his point, intent, and meaning.

19. In Doc. 108-1 (at 1), Plaintiff stated, "This Motion is predicated on the clearly established common-law right of access to court records and the Plaintiff's imperative need to compare the sealed Exhibit 3 with the version conventionally delivered to him by the Interested Party/Defendants, which has raised serious concerns of **surprise**, **excusable neglect**, **fraud** (whether previously called intrinsic or extrinsic), **misrepresentation**, or **misconduct** by the opposing party. Plaintiff *personally knows these things to be a certainty, but he nonetheless must have access to the sealed exhibit in order to properly seek relief from the judgment and/or order against him on these, but not necessarily only these, grounds*." *Id.*

20. The Court's finding of Plaintiff's words respectfully is simply wrong, literally and substantively.

21. Plaintiff was saying, or intending to say, that he personally knows all the facts of the case (simply because he is the one who experienced them), and, along with the discrepancies and issues as stated in Docs. 94, 95, 98, and 100, Plaintiff "personally knows these things to be a certainty." (Doc. 108-1, at 1.)

22. By "things," Plaintiff was referring to misrepresentation, misconduct, fraud, excusable neglect, and surprise – not to the contents of the sealed exhibit which Plaintiff had not seen.

23. The Court continued, "**Plaintiff has given the Court no reason** to believe that the electronically filed version of Exhibit 3 and the hard copy provided to Plaintiff are different. Therefore, the Court finds no basis for giving him another copy of the 204-page exhibit." (Doc. 109, at 2.)

24. This, too, is simply not factually correct. Plaintiff provided ample reason to believe as such. *See Paragraphs 2-12*.

25. Continuing (Doc. 109, at 2), "Therefore, the Court finds no basis for giving him *another copy* of the 204-page exhibit. Plaintiff may submit the fee of $.10 per page to the clerk's office to obtain another copy of the exhibit."

26. As clearly shown in ECF No. 96 ("SEALED DOCUMENT titled Exhibit F"), the version Plaintiff received was not 204 pages in length – it was also deliberately out of order in the extreme and included parts of pages missing, which, it turns out, were not missing in the electronic version as submitted to this Court. This would have been clear to the court at first impression. Instead of granting the motion for a protective order so Plaintiff could fairly assess the sealed record being used against him, the court refused – slamming the courthouse doors.

27. Also from Doc. 109 (at 1), the Court stated, "The CM/ECF system is designed to allow pro se litigants to file pleadings, but their access is limited to public documents only The Application Administrator's Guide provides as follows: "Pro se filers cannot docket to any sealed cases, and cannot file sealed docket entries to unsealed cases. **Also, pro se filers cannot be granted access to see sealed data of any kind.**'" (emphasis added).

28. This also appears to be incorrect.

29. Plaintiff notes that he has access to sealed document in ECF No. 96 (labeled as "Exhibit F" on the docket).

30. Plaintiff requests clarification, correction, or citation to the Guide or rule mentioned because he can find no such clause in neither the "PACER User Manual for CM/ECF Courts (Updated March 2024)[1]," nor the "ADMINISTRATIVE PROCEDURES FOR FILING, SIGNING, AND VERIFYING PLEADINGS AND PAPERS BY ELECTRONIC MEANS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS (Revised December 2022)[2]," nor the Local Rules for the District of Kansas[3] or its Guidelines[4].

Based on the above, Plaintiff respectfully requests that this Court:

1. Correct the record to reflect Plaintiff's actual words and arguments as noted above.
2. Acknowledge Plaintiff's prior advisements in Docs. 94, 95, 98, and 100, which provided ample reasons for believing there existed discrepancies between the versions of Exhibit 3.
3. Clarify, correct, or cite the procedural basis for the assertion in Doc. 109 that pro se filers cannot access sealed data of any kind, including citation to applicable rules or guidelines.
4. Grant any other relief the Court deems just and proper.

---

[1] pacer.uscourts.gov

[2] https://www.ksd.uscourts.gov/sites/ksd/files/2022-Combined-Administrative-Procedures-FINAL-2.pdf

[3] https://www.ksd.uscourts.gov/sites/ksd/files/MASTER COPY updated 8 26 24.pdf

[4] https://www.ksd.uscourts.gov/district-kansas-guidelines

Respectfully submitted,

*/s/ Matthew Schlobohm*
Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816)621-9149
matthew.schlobohm@gmail.com
DATED: December 3, 2024

### CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2024, a true and correct copy of the foregoing "MOTION TO RECONSIDER UNDER LOCAL RULE 7.3, CORRECT MISQUOTATION, CORRECT RECORD AND SEEK CLARIFICATION REGARDING PRO SE ACCESS TO SEALED RECORDS VIA PACER" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

*/s/ Matthew Schlobohm*
Plaintiff