IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW CHARLES SCHLOBOHM,**

    **Plaintiff,**

    v.              CASE NO. 23-3014-JWL

**DONALD ASH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This closed matter comes before the Court on three motions filed by Plaintiff. The first is titled "Motion to Reseal Document" (Doc. 110). Plaintiff asks the Court to reseal Doc. 66. The motion is denied as the document is currently sealed.

Plaintiff's second motion is titled "Motion to Reconsider and Reopen Case Based on Voluntary Dismissal without Prejudice" (Doc. 111). Plaintiff argues that his Motion to Withdraw Complaint Without Prejudice (Doc. 93) should have immediately ended the case and deprived the Court of jurisdiction, thereby nullifying any subsequent rulings of the Court. He argues that the Court should have ignored or been powerless to grant his request (Doc. 99) filed three days later to withdraw Doc. 93 and proceed with the case and should not have dismissed the case for failure to state a claim.

However, this case had a long procedural history by the time Plaintiff filed his request to voluntarily dismiss. The Court screened the Complaint under 28 U.S.C. § 1915A, entering an order to show cause why the Complaint should not be dismissed for failure to state a claim (*see* Doc. 9); gave Plaintiff six (6) extensions of time to respond to the show cause order (*see* Docs. 20, 29, 38, 40, 44, 47); screened Plaintiff's Amended Complaint, ordering and receiving a *Martinez*

1

Report (*see* Doc. 49); gave Plaintiff three (3) extensions of time to respond to the *Martinez* Report (*see* Docs. 74, 76, 78); entered an order to show cause why the *Amended* Complaint should not be dismissed for failure to state a claim (*see* Doc. 82); and gave Plaintiff four (4) extensions of time to respond to the second show cause order (*see* Doc. 89), with the final order stating there would be no further extension of the deadline (*see* Doc. 92). Plaintiff then filed his request to withdraw his Amended Complaint without prejudice.

While a notice of voluntary dismissal often functions as Plaintiff argues, an exception has developed in cases subject to screening under 28 U.S.C. § 1915A. In *Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014), the magistrate judge had screened the plaintiff prisoner's complaint and issued a report and recommendation. Before the district court considered the report and recommendation, the plaintiff filed a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(1). The district court denied the motion because the magistrate had already expended considerable time and effort in finding that the plaintiff failed to state a claim and because the plaintiff was a "frequent filer." The plaintiff appealed, and the Tenth Circuit held as follows:

> While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment, Mr. Large cannot use it to avoid the effect of a "strike" under 28 U.S.C § 1915(g) once his case was already screened and found meritless. *See* 28 U.S.C. § 1915A(a), (b) (directing court to screen and dismiss frivolous suits by prisoners against government entities); Fed.R.Civ.P. 41(a)(1)(A) (stating voluntary dismissal is subject to applicable federal statutes); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 497 (6th Cir. 2012) (unpublished); *see also Hines v. Graham,* 320 F. Supp. 2d 641, 644 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). *But see Thomas v. Phillips,* 83 F. App'x 661, 661-62 (5th Cir. 2003) (unpublished).

*Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014) (unpublished); *see also Dreiling v. Henderson*, 2005 WL 1705733, at *2 (D. Kan. 2005) (a prisoner may not avoid the consequences of the "3–strike" provision in 28 U.S.C § 1915(g) by seeking dismissal of the action without prejudice after the court has screened the complaint).

Plaintiff's motion is denied. Plaintiff cannot use voluntary dismissal under Rule 41(a) to avoid dismissal with prejudice and the effect of a strike under 28 U.S.C. § 1915(g).

Plaintiff's third motion is titled "Motion to Reconsider under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records via PACER." (Doc. 112). Plaintiff attempts to re-argue several issues and to dispute the Court's wording and findings in previously issued orders.

Because this case is closed, Plaintiff's motion is denied. Nothing in this motion or in any of Plaintiff's filings warrants reopening this case. The case remains closed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and Reopen Case Based on Voluntary Dismissal without Prejudice (Doc. 111) is **denied**. This case remains closed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reseal Document (Doc. 110) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records via PACER (Doc. 112) is **denied**.

**IT IS SO ORDERED.**

DATED: This 27th day of January, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE