CLOSED,APPEAL,SA,PLC4,S2

# U.S. District Court
# DISTRICT OF KANSAS (Topeka)
# CIVIL DOCKET FOR CASE #: 5:23–cv–03014–JWL

| | |
|---|---|
| Schlobohm v. Ash et al | Date Filed: 01/17/2023 |
| Assigned to: District Judge John W. Lungstrum | Date Terminated: 09/27/2024 |
| Cause: 42:1983 Prisoner Civil Rights | Jury Demand: Plaintiff |
| | Nature of Suit: 555 Habeas Corpus (Prison Condition) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Matthew Charles Schlobohm, I**             represented by    **Matthew Charles Schlobohm, I**
*E–Filing & ECF Notifications*                                          4210 Clark Avenue, Apt. 302
                                                                         Kansas City, MO 64111
                                                                         816–621–9149
                                                                         Email: matthew.schlobohm@gmail.com
                                                                         PRO SE
                                                                         *Bar Number:*
                                                                         *Bar Status:*

V.

**Defendant**

**Donald Ash**
*Sheriff, Wyandotte County Sheriff's Office, in his individual and official capacity*
*TERMINATED: 08/14/2023*

**Defendant**

**(fnu) Fewell**
*Jail Administrator, Wyandotte County Jail, in his individual and official capacity*
*TERMINATED: 08/14/2023*

**Defendant**

**(fnu) Meador**
*Deputy, Wyandotte County Sheriff's Office, and Correctional Officer, Wyandotte County Adult Detention Center, in his individual and official capacity*

**Defendant**

**(fnu) Ramirez**
*Deputy, Wyandotte County Sheriff's Office, and Correctional Officer, Wyandotte County Adult Detention Center, in his individual and official capacity*
**TERMINATED: 08/14/2023**

<u>**Defendant**</u>

**(fnu) (lnu) (1)**
*Registered Nurse, Wellpath, LLC, in her individual and official capacity*

<u>**Defendant**</u>

**(fnu) (lnu) (2)**
*Programs Staff, Programs & Legal Services, Wyandotte County Adult Detention Center, in their individual and official capacity*
**TERMINATED: 08/14/2023**

<u>**Defendant**</u>

**(fnu) (lnu) (3)**
*Commissary Manager for Aramark, Wyandotte County Adult Detention Center's Vendor, in her individual and official capacity*
**TERMINATED: 08/14/2023**
*also known as*
Miss T

<u>**Defendant**</u>

**(fnu) Hill**
*Mail Clerk, Wyandotte County Detention Center, in her individual and official capacity*

<u>**Defendant**</u>

**WellPath, LLC**

<u>**Defendant**</u>

**Danny K. Stanton**
*MD, Wellpath, LLC, in his individual and official capacity*

<u>**Defendant**</u>

**(fnu) Lyons**
*Deputy/Corrections Officer, Wyandotte County Adult Detention Center, in his*

*individual and official capacity*
*TERMINATED: 08/14/2023*

**Defendant**

**Unified Government of Wyandotte County, Kansas City, Kansas**

**Defendant**

**Wyandotte County Sheriff's Department**

**Defendant**

**Esmeralda Wilson**
*Jail Program Supervisor, Wyandotte County Sheriff's Office and Unified Government of Wyandotte County, Kansas City, Kansas, in her individual and official capacity*

**Defendant**

**Karina Purcell**
*Registered Nurse, Wellpath, LLC, in her individual and official capacity*

**Defendant**

**D. Dull**
*Registered Nurse, Wellpath, LLC, and Health Services Administrator, Wyandotte County Detention Center, in her individual and official capacity*

**Defendant**

**(fnu) Taylor**
*Captain, Wyandotte County Sheriff's Office, in his individual and official capacity*

**Defendant**

**(fnu) Bond**
*Uniformed Officer, Wyandotte County Sheriff's Office, in his individual and official capacity*

**Interested Party**

**Wyandotte County Sheriff**                    represented by **Joni S. Cole**
                                                Wyandotte County Sheriff's Office
                                                Legal Department
                                                710 N. 7th Street

Kansas City, KS 66101
913–573–5069
Fax: 913–573–2972
Alternative Phone:
Cell Phone: 913–948–4127
Email: jscole@wycokck.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24798*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2023 | 1 | COMPLAINT filed by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibits, # 2 Envelopes) (smnd) (Entered: 01/18/2023) |
| 01/17/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Matthew Charles Schlobohm (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Envelopes) (smnd) (Entered: 01/18/2023) |
| 01/17/2023 | 3 | MOTION for Court Order and Emergency Review by Plaintiff Matthew Charles Schlobohm (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Envelopes) (smnd) (Entered: 01/18/2023) |
| 01/17/2023 | 4 | MOTION for Order (titled Jury Demand; Request for Emergency Review; Request for Sealed Court Orders; and Request to Modify Complaint) by Plaintiff Matthew Charles Schlobohm (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Exhibits, # 2 Envelopes) (smnd) (Entered: 01/18/2023) |
| 01/17/2023 | 5 | MOTION for Emergency Review and to Submit Exhibits by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibits, # 2 Envelopes) (smnd) (Entered: 01/18/2023) |
| 01/17/2023 | 6 | MOTION for Preliminary Injunction by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelopes) (smnd) (Entered: 01/18/2023) |
| 01/18/2023 | 7 | NOTICE OF DEFICIENCY re 2 MOTION for Leave to Proceed in forma pauperis mailed to pro se party Matthew Charles Schlobohm by regular mail. Response deadline 2/17/2023. (smnd) (Entered: 01/18/2023) |
| 01/19/2023 | 8 | MOTION for Leave to Amend Complaint re 1 Complaint and Emergency Review by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibits, # 2 Envelope) (smnd) Modified on 1/24/2023 to remove referral text. (kao) (Entered: 01/19/2023) |
| 01/20/2023 | 9 | MEMORANDUM AND ORDER TO SHOW CAUSE ENTERED: Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, pending receipt of a certified copy of Plaintiff's inmate account statement for the 6–month period preceding the filing of the Complaint. Plaintiff is granted until February 21, 2023, in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed. Plaintiff is granted until February 21, 2023, in which to file a complete and proper amended complaint to cure all the deficiencies. Signed by District Judge John W. Lungstrum on 01/20/23. Mailed to pro se party Matthew Charles Schlobohm |

| | | |
|---|---|---|
| | | with forms and instructions by regular mail. (smnd) (Entered: 01/20/2023) |
| 01/20/2023 | 10 | MEMORANDUM AND ORDER ENTERED: Plaintiff's pending motions (Docs. 3 , 4 , 5 , and 6 ) are denied. Signed by District Judge John W. Lungstrum on 01/20/23. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (smnd) (Entered: 01/20/2023) |
| 01/23/2023 | | MINUTE ORDER – Magistrate Judge James P. O'Hara no longer assigned to case. Signed by deputy clerk on 1/23/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 01/23/2023) |
| 01/26/2023 | 11 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm, #207212: now at Johnson County Adult Detention Center, 27745 W. 159th Street, New Century, Kansas 66031−1130. (Attachments: # 1 Envelope) (smnd) (Entered: 01/26/2023) |
| 01/26/2023 | 12 | MOTION for Leave to Amend Complaint re 1 Complaint and Request for Copy of Full Court Record by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelope) (smnd) (Entered: 01/26/2023) |
| 02/02/2023 | 13 | RETURN mail received re 10 Memorandum and Order addressed to Plaintiff Matthew Charles Schlobohm (Left Facility/Return to Sender); Remailed to Plaintiff Schlobohm at Johnson County Adult Detention Center. (smnd) (Entered: 02/02/2023) |
| 02/02/2023 | 14 | MOTION for Court Order to Obtain Full Inmate Record and Medical Record by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelope) (smnd) (Entered: 02/02/2023) |
| 02/02/2023 | 15 | PRISONER ACCOUNT STATEMENT by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Resident Transaction Ledger) (smnd) (Entered: 02/02/2023) |
| 02/03/2023 | 16 | ORDER ENTERED: Plaintiff's Motion for Leave to Amend Complaint; Emergency Review (Doc. 8 ) is denied as moot. Plaintiff's Motion for Leave to Amend Complaint and Request for Copy of Full Court Record (Doc. 12 ) is denied in part and granted in part. The clerk is directed to mail Plaintiff a copy of the current docket sheet and another copy of the MOSC (Doc. 9 ). Plaintiff's Motion for Court Order to Obtain Full Inmate Record and Medical Record (Doc. 14 ) is denied. Signed by District Judge John W. Lungstrum on 02/03/23. Mailed to pro se party Matthew Charles Schlobohm with a current docket sheet and copy of Doc. 9 by regular mail. (smnd) (Entered: 02/03/2023) |
| 02/06/2023 | 17 | RETURN Mail received re 9 Memorandum and Order to Show Cause addressed to Plaintiff Matthew Charles Schlobohm (No Inmate By This Name/Return to Sender); Remailed to Plaintiff Schlobohm at Johnson County Adult Detention Center. (smnd) (Entered: 02/07/2023) |
| 02/09/2023 | 18 | NOTICE of Change of Address and Appointment of Counsel by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelope) (smnd) (Entered: 02/09/2023) |
| 02/27/2023 | 19 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause (see page 2) by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelope) (smnd) (Entered: 02/28/2023) |
| 02/28/2023 | 20 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 19 ) is granted in part and denied in part. the deadline for Plaintiff to file a response to the MOSC (Doc. 9 ) is extended to March 21, 2023. Plaintiff's request |

| | | |
|---|---|---|
| | | for appointment of counsel is denied. Signed by District Judge John W. Lungstrum on 02/28/23. Mailed to pro se party Matthew Charles Schlobohm with another copy of the MOSC (Doc. 9 ) by regular mail. (smnd) (Entered: 02/28/2023) |
| 03/02/2023 | 21 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause (titled Notice to Court and Motion for Continuance and Issuance of a Court Order) by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelope) (smnd) (Entered: 03/02/2023) |
| 03/09/2023 | 22 | MOTION for Copy of Court Record Without Prepayment of Fees by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Letter to Clerk, # 2 Envelope) (smnd) (Entered: 03/09/2023) |
| 03/13/2023 | 23 | ORDER ENTERED: Plaintiff's Notice to Court and Motion for Continuance and Issuance of a Court Order (Doc. 21 ) is denied as moot. Plaintiff's Motion for Copy of Court Record Without Prepayment of Fees (Doc. 22 ) is denied. The Clerk is directed to mail Plaintiff a copy of the Pro Se Electronic Notification Registration Form. Signed by District Judge John W. Lungstrum on 03/13/23. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (smnd) (Entered: 03/13/2023) |
| 03/13/2023 | 24 | MOTION to Appoint Counsel by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Envelope) (smnd) (Entered: 03/13/2023) |
| 03/21/2023 | 25 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion for Appointment of Counsel (Doc. 24 ) is denied. Signed by District Judge John W. Lungstrum on 03/21/23. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (smnd) (Entered: 03/21/2023) |
| 04/07/2023 | 26 | RETURN mail received re 23 Order addressed to Plaintiff Matthew Charles Schlobohm (Return to Sender/Not at This Address); Not Remailed. (smnd) (Entered: 04/07/2023) |
| 04/10/2023 | 27 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at Sunflower Wellness Retreat, 29875 W. 339th Street, Osawatomie, Kansas 66064. (smnd) (Entered: 04/11/2023) |
| 04/10/2023 | 28 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 04/11/2023) |
| 04/11/2023 | | DOCKET ANNOTATION: Pursuant to Plaintiff Matthew Charles Schlobohm's 27 Notice of Change of Address, another copy of the 23 Order filed 03/13/23 was mailed to Plaintiff at Sunflower Wellness Retreat with the Pro Se Electronic Notification Registration Form. (smnd) (Entered: 04/11/2023) |
| 04/11/2023 | 29 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 28 ) is granted. The deadline for Plaintiff to file a response to the MOSC (Doc. 9 ) is extended to June 5, 2023. Signed by District Judge John W. Lungstrum on 04/11/23. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (smnd) (Entered: 04/11/2023) |
| 04/11/2023 | 30 | NOTICE of Change of Address in Case No. 22–3314–JWL by Plaintiff Matthew Charles Schlobohm: 901 N. 5th Street, Kansas City, Kansas 66101. (smnd) (Entered: 04/12/2023) |
| 04/12/2023 | | DOCKET ANNOTATION: Pursuant to Plaintiff Matthew Charles Schlobohm's 30 Notice of Change of Address, another copy of the 9 Memorandum and Order to Show Cause (with Amended Complaint form), 23 Order (with Pro Se Electronic |

| | | |
|---|---|---|
| | | Registration Form) and 29 Order were mailed to Plaintiff at 901 N. 5th Street, Kansas City, Kansas 66101, as well as an updated docket sheet. (smnd) (Entered: 04/12/2023) |
| 04/19/2023 | 31 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at Johnson County Adult Residential Center, 141 Mission Parkway, New Century, Kansas 66031; forms mailed to Plaintiff Schlobohm. (smnd) (Entered: 04/19/2023) |
| 04/21/2023 | 32 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at University of Kansas Health System Strawberry Hill Campus, 901 N. 5th Street, Kansas City, Kansas 66101; see Notice of Change of Address 34 filed in Case No. 22–3314–JWL. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) (smnd) (Entered: 04/21/2023) |
| 04/24/2023 | 33 | RETURN mail received re 25 Memorandum and Order addressed to Plaintiff Matthew Charles Schlobohm (Return to Sender/Not at This Address); Remailed to Plaintiff Schlobohm at University of Kansas Health System Strawberry Hill Campus. (smnd) (Entered: 04/24/2023) |
| 04/27/2023 | 34 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at Johnson County Adult Residential Center, 141 Mission Parkway, New Century, Kansas 66031. (smnd) (Entered: 04/28/2023) |
| 05/06/2023 | 35 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at 2420 Road Y5, Reading, Kansas 66868. (smnd) (Entered: 05/08/2023) |
| 05/08/2023 | | DOCKET ANNOTATION: Pursuant to Plaintiff Matthew Charles Schlobohm's 35 Notice of Change of Address, another copy of the 9 Memorandum and Order to Show Cause (with Amended Complaint form), 23 Order (with Pro Se Electronic Registration Form) and 29 Order were mailed to Plaintiff at 2420 Road Y5, Reading, Kansas 66868, as well as an updated docket sheet. (smnd) (Entered: 05/08/2023) |
| 05/17/2023 | 36 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at 9203 Marsh Avenue, Kansas City, Missouri 64138. (smnd) (Entered: 05/18/2023) |
| 06/04/2023 | 37 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 06/05/2023) |
| 06/05/2023 | 38 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 37 ) is granted. The deadline for Plaintiff to file a response to the MOSC (Doc. 9 ) is June 19, 2023. Signed by District Judge John W. Lungstrum on 06/05/23. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (smnd) (Entered: 06/05/2023) |
| 06/19/2023 | 39 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 E–Mail from Plaintiff Schlobohm) (smnd) (Entered: 06/20/2023) |
| 06/20/2023 | 40 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 39 ) is granted. The deadline for Plaintiff to file a response to the MOSC (Doc. 9 ) is extended to July 10, 2023. Signed by District Judge John W. Lungstrum on 6/20/2023. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (alh) Modified text and attached Order on 6/20/2023. (smnd) (Entered: 06/20/2023) |
| 07/06/2023 | 41 | RETURN mail received re 40 Order addressed to Plaintiff Matthew Charles Schlobohm (Return to Sender/Unable to Forward); Not Remailed. (smnd) (Entered: 07/06/2023) |

| 07/09/2023 | 42 | NOTICE of Change of Address (see page 4) by Plaintiff Matthew Charles Schlobohm: now at 8128 E. 74th Street, Kansas City, Missouri 64133. (smnd) (Entered: 07/10/2023) |
|---|---|---|
| 07/09/2023 | 43 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 07/10/2023) |
| 07/10/2023 | 44 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 43 ) is granted. The deadline for Plaintiff to file a response to the MOSC (Doc. 9 ) is extended to August 10, 2023. Signed by District Judge John W. Lungstrum on 07/10/23. Mailed to pro se party Matthew Charles Schlobohm by regular mail. (smnd) (Entered: 07/10/2023) |
| 08/10/2023 | 45 | MOTION for Extension of Time to File Response as to 9 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 08/11/2023) |
| 08/14/2023 | 46 | DOCKET ANNOTATION: Plaintiff Matthew Charles Schlobohm is a registered pro se participant with ECF notifications only. (gw) (Entered: 08/14/2023) |
| 08/14/2023 | 48 | FIRST AMENDED COMPLAINT filed by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibit A–A–1, # 2 Exhibit A–6, # 3 Exhibit H–1) (smnd) (Entered: 08/15/2023) |
| 08/15/2023 | 47 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 45 ) is granted. The deadline for Plaintiff to file a response to the MOSC (Doc. 9 ) is extended to August 14, 2023. Signed by District Judge John W. Lungstrum on 08/15/23. (smnd) (Entered: 08/15/2023) |
| 09/20/2023 | 49 | MEMORANDUM AND ORDER ENTERED: The WCDC officials shall submit the Martinez Report by October 20, 2023. Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint. If the Amended Complaint survives screening, the Court will enter a separate order for service. The Clerk of Court shall enter the Wyandotte County Sheriff as an interested party on the docket for the limited purpose of preparing the Martinez Report ordered herein. Upon the filing of that report, the Wyandotte County Sheriff may move for termination from this action. Signed by District Judge John W. Lungstrum on 09/20/23. Mailed to Wyandotte County Sheriff and Wyandotte County District Attorney with First Amended Complaint and current docket sheet. (smnd) (Entered: 09/20/2023) |
| 10/09/2023 | 50 | ENTRY OF APPEARANCE by Joni S. Cole on behalf of Wyandotte County Sheriff (Cole, Joni) (Entered: 10/09/2023) |
| 10/09/2023 | 51 | MOTION for extension of time *to File Martinez Report* by Interested Party Wyandotte County Sheriff (Cole, Joni) (Entered: 10/09/2023) |
| 10/09/2023 | 52 | RESPONSE by Plaintiff Matthew Charles Schlobohm re 51 Motion for Extension of Time and 50 Entry of Appearance. (smnd) (Entered: 10/10/2023) |
| 10/09/2023 | 53 | MOTION to Appoint Counsel by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 10/10/2023) |
| 10/09/2023 | 54 | NOTICE of Change of Address by Plaintiff Matthew Charles Schlobohm: now at 4210 Clark Avenue, Apt. 302, Kansas City, Missouri 64106; temporary mailing address Holiday Inn Downtown, 770 Admiral Boulevard, Kansas City, MIssouri 64111. (smnd) (Entered: 10/10/2023) |

| 10/09/2023 | 55 | CERTIFICATE OF SERVICE by Plaintiff Matthew Charles Schlobohm re 52 Response to Motion for Extension of Time. (smnd) (Entered: 10/10/2023) |
|---|---|---|
| 10/10/2023 | 56 | MEMORANDUM AND ORDER ENTERED: The Motion for Extension of Time (Doc. 51 ) filed by Interested Party Wyandotte County Sheriff is granted. The deadline for the filing of the Martinez Report is extended to December 20, 2023. Plaintiff's Motion to Appoint Counsel (Doc. 53) is denied. Signed by District Judge John W. Lungstrum on 10/10/23. (smnd) (Entered: 10/10/2023) |
| 12/07/2023 | 57 | NOTICE OF CHANGE OF ADDRESS by Matthew Charles Schlobohm. (jal) (Entered: 12/08/2023) |
| 12/14/2023 | 58 | Second MOTION for extension of time *to File Martinez Report* by Interested Party Wyandotte County Sheriff (Cole, Joni) (Entered: 12/14/2023) |
| 12/14/2023 | 59 | ORDER ENTERED: The Motion for Extension of Time (Doc. 58 ) filed by Interested Party Wyandotte County Sheriff is granted. The deadline for the filing of the Martinez Report is extended to February 20, 2024. Signed by District Judge John W. Lungstrum on 12/14/23. (smnd) (Entered: 12/14/2023) |
| 02/20/2024 | 60 | MARTINEZ REPORT by Interested Party Wyandotte County Sheriff re 48 Amended Complaint. (Attachments: # 1 Affidavit Affidavit of Gregory with Exhibits, # 2 Affidavit Major Charles Patrick)(Cole, Joni) (Entered: 02/20/2024) |
| 02/25/2024 | 61 | MOTION to Compel re 60 Martinez Report by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 02/26/2024) |
| 03/25/2024 | 62 | MOTION for Leave to file Response to Document 61 and a Supplement to the Martinez Report by Interested Party Wyandotte County Sheriff (Cole, Joni) (Entered: 03/25/2024) |
| 03/26/2024 | 63 | ORDER ENTERED: Plaintiff's Pre–Response Motion to Compel (Doc. 61 ) is denied as moot. The Interested Party's Motion for Leave to File Response to Document 61 and a Supplement to the Martinez Report (Doc. 62 ) is granted in part. The Interested Party shall file its supplement to the Report by April 2, 2024. The request to respond to Plaintiff's Pre–Response Motion to Compel is denied as moot. Signed by District Judge John W. Lungstrum on 03/26/24. (smnd) (Entered: 03/26/2024) |
| 03/30/2024 | 64 | MOTION for Clarification and Leave to Amend Caption by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibit 000001) (smnd) (Entered: 04/01/2024) |
| 04/01/2024 | 65 | MOTION for Leave to file Under Seal Exhibit 3 to the Martinez Report Supplement by Interested Party Wyandotte County Sheriff (Cole, Joni) (Entered: 04/01/2024) |
| 04/01/2024 | 66 | SEALED MARTINEZ REPORT EXHIBIT 3 re 67 Supplement to 60 Martinez Report. (Cole, Joni) Modified on 4/3/2024 to remove the provisional designation pursuant to 70 Order. (smnd) (Entered: 04/01/2024) |
| 04/01/2024 | 67 | SUPPLEMENT to 60 Martinez Report by Interested Party Wyandotte County Sheriff. (Attachments: # 1 Affidavit of Wallrine Freeman, # 2 Exhibit 5 – Grievance and ICF records, # 3 Exhibit 6– Cell History, # 4 Exhibit 7– emails and memos re COVID, # 5 Exhibit Policy F–115, # 6 Exhibit 9– Inmate Handbook, # 7 Exhibit 10– Envelope, # 8 Exhibit 11– Tablet Usage)(Cole, Joni) (Entered: 04/01/2024) |
| 04/02/2024 | 68 | MOTION to Quash Interested Party's 67 Supplement to Martinez Report Pending an Order on Plaintiff's 60 Motion for Clarification and Leave to Amend Caption and |

| | | |
|---|---|---|
| | | Motion for Appointment of Special Master by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 04/02/2024) |
| 04/03/2024 | 69 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion for Clarification and Leave to Amend Caption (Doc. 64 ) is denied. Plaintiff's Motion to Quash Interested Party's Supplemental Martinez Report Filings Pending an Order on Plaintiff's Motion for Clarification and Leave to Amend Caption (Doc. 64 ) and Motion for Appointment of Special Master (Doc. 68 ) is denied. Signed by District Judge John W. Lungstrum on 04/03/24. (smnd) (Entered: 04/03/2024) |
| 04/03/2024 | 70 | ORDER ENTERED: WYSO's motion (Doc. 65 ) to file Exhibit 3 (Doc. 66 ) to the Martinez Report Supplement under seal is granted. Signed by District Judge John W. Lungstrum on 04/03/24. (smnd) (Entered: 04/03/2024) |
| 04/12/2024 | 71 | MOTION to Compel Compliance with Court–Ordered Martinez Report by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 04/15/2024) |
| 04/13/2024 | 72 | MOTION for Extension of Time to File Response as to Court–Ordered 60 Martinez Report by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 04/15/2024) |
| 04/14/2024 | 73 | MOTION for Leave to Amend Previous 71 Motion to Compel Compliance with Court–Ordered Martinez Report by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 04/15/2024) |
| 04/19/2024 | 74 | ORDER ENTERED: Plaintiff's Motion to Compel Compliance with Court–Ordered Martinez Report (Doc. 71 ) is denied. Plaintiff's Motion for Extension of Time to Respond to Court–Ordered Martinez Report (Doc. 72 ) is granted. Plaintiff's response to the Martinez Report must be filed on or before May 2, 2024. Plaintiff's Motion for Leave to Amend Previous Motion to Compel Compliance with Court–Ordered Martinez Report (Doc. 73 ) is granted. Plaintiff may file an amended version of Doc. 71 if he wishes, no later than May 2, 2024. Signed by District Judge John W. Lungstrum on 04/19/24. (smnd) (Entered: 04/19/2024) |
| 05/01/2024 | 75 | MOTION for Extension of Time to File Response as to 60 Martinez Report and to Amend 71 MOTION to Compel Compliance with Court–Ordered Martinez Report by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 05/02/2024) |
| 05/07/2024 | 76 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 75 ) is granted. Plaintiff's response to the Martinez Report and amended motion to compel must be filed on or before May 10, 2024. Signed by District Judge John W. Lungstrum on 05/07/24. (smnd) (Entered: 05/07/2024) |
| 05/11/2024 | 77 | MOTION for Extension of Time to File Response as to Court–Ordered 60 Martinez Report; Motion for Extension of Time to Amend Previous Motion to Compel Compliance with Court–Ordered Martinez Report; and Motion to Exercise Supplemental Jurisdiction by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 05/13/2024) |
| 05/17/2024 | 78 | MEMORANDUM AND ORDER ENTERED: Plaintiff's motion (Doc. 77 ) is granted in part. Plaintiff's response to the Martinez Report and amended motion to compel must be filed on or before May 24, 2024. Plaintiff's "motion to exercise supplemental jurisdiction" is denied. Signed by District Judge John W. Lungstrum on 05/17/24. (smnd) (Entered: 05/17/2024) |
| 05/20/2024 | 79 | MOTION for Reconsideration re 77 Motion to Exercise Supplemental Jurisdiction by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 05/21/2024) |

| 05/22/2024 | 80 | SUPPLEMENT to 79 MOTION for Reconsideration re 77 Motion to Exercise Supplemental Jurisdiction by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 05/22/2024) |
|---|---|---|
| 05/24/2024 | 81 | MOTION for Extension of Time for All Pending Motions by Plaintiff Matthew Charles Schlobohm. (jal) (Entered: 05/28/2024) |
| 07/23/2024 | 82 | MEMORANDUM AND ORDER TO SHOW CAUSE ENTERED: Plaintiff is granted until August 23, 2024, in which to respond to the Martinez Report and to show good cause why this action should not be dismissed. Plaintiff's pending motions (Docs. 79 and 81 ) are denied. Signed by District Judge John W. Lungstrum on 07/23/24. (smnd) (Entered: 07/23/2024) |
| 07/26/2024 | 83 | Letter to Clerk of the Court from Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 07/26/2024) |
| 08/15/2024 | 84 | MOTION for Clarification of Order (Doc. 82) by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 08/15/2024) |
| 08/15/2024 | 85 | ORDER ENTERED: Plaintiff's Motion for Clarification (Doc. 84 ) is granted. The deadline for Plaintiff to file a response to the MOSC (Doc. 82 ) and the Martinez Report is August 23, 2023. Signed by District Judge John W. Lungstrum on 08/15/24. (smnd) (Entered: 08/15/2024) |
| 08/23/2024 | 86 | MOTION for Extension of Time to File Response as to 60 Martinez Report and 82 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 08/23/2024) |
| 08/26/2024 | 87 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 86 ) is granted. The deadline for Plaintiff to file a response to the MOSCII (Doc. 82 ) is extended to September 6, 2024. Signed by District Judge John W. Lungstrum on 08/26/24. (smnd) (Entered: 08/26/2024) |
| 09/06/2024 | 88 | MOTION for Extension of Time to Respond to 82 Memorandum and Order to Show Cause, or in the alternative, MOTION for Leave to Amend Complaint re 48 Amended Complaint by Plaintiff Matthew Charles Schlobohm. (jal) (Entered: 09/09/2024) |
| 09/10/2024 | 89 | ORDER ENTERED: Plaintiff's Motion for Extension of Time (Doc. 88 ) is granted. The deadline for Plaintiff to file a response to the MOSCII (Doc. 82 ) is extended to September 12, 2024. Signed by District Judge John W. Lungstrum on 9/10/2024. (jal) (Entered: 09/10/2024) |
| 09/12/2024 | 90 | MOTION for Extension of Time to File Response as to 82 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 09/13/2024) |
| 09/16/2024 | 91 | MOTION for Extension of Time to File Response as to 82 Memorandum and Order to Show Cause by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 09/17/2024) |
| 09/17/2024 | 92 | ORDER ENTERED: Plaintiff's Motions for Extension of Time (Docs. 90 and 91 ) are granted. The deadline for Plaintiff to file a response to the MOSCII (Doc. 82 ) is extended to September 23, 2024. There will be no further extension of the deadline. Signed by District Judge John W. Lungstrum on 09/17/24. (smnd) (Entered: 09/17/2024) |
| 09/23/2024 | 93 | MOTION to Withdraw Complaint Without Prejudice by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 09/24/2024) |

| 09/25/2024 | 94 | Letter from Plaintiff Matthew Charles Schlobohm re 82 MEMORANDUM AND ORDER TO SHOW CAUSE. (jal) (Entered: 09/25/2024) |
|---|---|---|
| 09/25/2024 | 95 | DECLARATION re 66 SEALED MARTINEZ REPORT EXHIBIT 3 by Matthew Charles Schlobohm. (jal) (Entered: 09/25/2024) |
| 09/25/2024 | 96 | SEALED DOCUMENT titled Exhibit F re 95 DECLARATION by Plaintiff Matthew Charles Schlobohm. (jal) Modified on 9/27/2024 to remove the provisional designation pursuant to 101 Memorandum and Order. (smnd) (Entered: 09/25/2024) |
| 09/25/2024 | 97 | MOTION to Seal or Redact Document(s) 96 PROVISIONALLY SEALED Document titled Exhibit F by Plaintiff Matthew Charles Schlobohm. (jal) (Entered: 09/25/2024) |
| 09/25/2024 | 98 | MOTION FOR PROTECTIVE ORDER TO VIEW SEALED EXHIBIT re 66 SEALED Martinez Report Exhibits by Plaintiff Matthew Charles Schlobohm. (jal) (Entered: 09/25/2024) |
| 09/26/2024 | 99 | MOTION to Withdraw Previous 93 Motion to Withdraw Complaint by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 09/26/2024) |
| 09/26/2024 | 100 | REQUEST for Judicial Notice by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (smnd) (Entered: 09/26/2024) |
| 09/27/2024 | 101 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion to Withdraw Complaint Without Prejudice (Doc. 93 ) is denied as moot in light of his subsequent request to withdraw the motion. Plaintiff's Motion for Leave to File Exhibit F to Declaration under Seal (Doc. 97 ) is granted. Plaintiff's Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99 ) is granted. This action is dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Protective Order (Doc. 98 ) is denied as moot. Signed by District Judge John W. Lungstrum on 09/27/24. (smnd) (Entered: 09/27/2024) |
| 09/27/2024 | 102 | JUDGMENT regarding 101 Memorandum and Order dismissing action for failure to state a claim upon which relief may be granted. Signed by Deputy Clerk on 09/27/24. (smnd) (Entered: 09/27/2024) |
| 10/28/2024 | | DOCKET ANNOTATION: Plaintiff Matthew Charles Schlobohm, I is a registered pro se participant with e–filing & ECF notifications. (gw) (Entered: 10/28/2024) |
| 10/28/2024 | 103 | MOTION for Relief Due to Technical Failure Under Local Rule 5.4.3 and MOTION for Extension of Time to Submit Motion to Reconsider by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibit 1) (smnd) (Entered: 10/28/2024) |
| 10/29/2024 | 104 | SUGGESTIONS IN OPPOSITION by Interested Party Wyandotte County Sheriff re 103 Motion for Relief Due to Technical Failure Under Local Rule 5.4.3 and Motion for Extension of Time to Submit Motion to Reconsider. (Cole, Joni) (Entered: 10/29/2024) |
| 10/30/2024 | 105 | MOTION to Withdraw 103 MOTION for Extension of Time to Submit Motion to Reconsider MOTION for Relief Due to Technical Failure Under Local Rule 5.4.3 by Plaintiff Matthew Charles Schlobohm, I. (jal) (Entered: 10/30/2024) |
| 10/31/2024 | 106 | ORDER ENTERED: Plaintiff's Motion to Withdraw (Doc. 105 ) his pending motion(s) is granted, and his Motion for Relief due to Technical Failure under Local Rule 5.4.3 and Motion for Extension to Submit Motion to Reconsider (Doc. 103 ) is |

| | | |
|---|---|---|
| | | denied as moot. Signed by District Judge John W. Lungstrum on 10/31/2024. (jal) (Entered: 10/31/2024) |
| 11/14/2024 | 107 | MOTION for Access to Sealed Court Record by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 11/14/2024) |
| 11/14/2024 | 108 | MOTION for Leave to Amend Doc. 107 Regarding Access to Sealed Document by Plaintiff Matthew Charles Schlobohm. (Attachments: # 1 Exhibit 1) (smnd) (Entered: 11/14/2024) |
| 11/19/2024 | 109 | ORDER ENTERED: Plaintiff's Motion for Leave to Amend Doc. 107 Regarding Access to Sealed Documents (Doc. 108 ) is granted, his Motion for Access to Sealed Court Record (Doc. 107 ) denied as moot, and his Amended Motion for Access to Sealed Court Record (Doc. 108–1) is denied insofar as he seeks access to the record via PACER. Signed by District Judge John W. Lungstrum on 11/19/24. (smnd) (Entered: 11/19/2024) |
| 11/22/2024 | 110 | MOTION to Reseal Document by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 11/22/2024) |
| 11/27/2024 | 111 | MOTION to Reopen Case *Re: Doc. 93* by Plaintiff Matthew Charles Schlobohm, I (Schlobohm, Matthew) (Entered: 11/27/2024) |
| 12/03/2024 | 112 | MOTION for Reconsideration re 109 Order (titled Motion to Reconsider Under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records Via Pacer) by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 12/04/2024) |
| 12/26/2024 | 113 | NOTICE OF SUPPLEMENTAL AUTHORITY by Plaintiff Matthew Charles Schlobohm re: MOTION for Reconsideration re 109 Order (titled Motion to Reconsider Under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records Via Pacer) (smnd) (Entered: 12/26/2024) |
| 01/27/2025 | 114 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion to Reconsider and Reopen Case Based on Voluntary Dismissal without Prejudice (Doc. 111 ) is denied. This case remains closed. Plaintiff's Motion to Reseal Document (Doc. 110 ) is denied. Plaintiff's Motion to Reconsider under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records via PACER (Doc. 112 ) is denied. Signed by District Judge John W. Lungstrum on 01/27/25. (smnd) (Entered: 01/27/2025) |
| 02/26/2025 | 115 | NOTICE OF APPEAL as to 101 Memorandum and Order, 102 Judgment, and 114 Memorandum and Order by Plaintiff Matthew Charles Schlobohm. (smnd) (Entered: 02/27/2025) |
| 02/26/2025 | 116 | MOTION for Leave to Appeal in forma pauperis by Plaintiff Matthew Charles Schlobohm. NOTE – Access to document is restricted pursuant to the courts privacy policy. (Attachments: # 1 Affidavit of Financial Status) (smnd) (Entered: 02/27/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW SCHLOBOHM,

      Plaintiff,

      v.                                  CASE NO. 23-3014-JWL

DONALD ASH, et al.,

      Defendants.

## NOTICE OF APPEAL

Notice is hereby given that **Matthew Schlobohm**, Plaintiff in the above-captioned case, hereby appeals to the **United States Court of Appeals for the Tenth Circuit** from the following orders entered by the United States District Court for the District of Kansas:

1. The **Memorandum and Order** dated **January 27, 2025**, denying Plaintiff's Motion to Reconsider and Reopen Case Based on Voluntary Dismissal Without Prejudice (Doc. 111), and denying Plaintiff's Motion to Reconsider under Local Rule 7.3 (Doc. 112).

2. Any and all prior rulings and orders that merge into the final judgment, including the dismissal of Plaintiff's claims with prejudice.

This appeal is taken pursuant to **28 U.S.C. § 1291**, as the above-referenced orders constitute final, appealable decisions that effectively disassociate the District Court from the case.

                              Respectfully submitted,

                              *s/ Matthew Schlobohm*
                              Pro Se Plaintiff
                              4210 Clark Ave., Apt. 302
                              Kansas City, Missouri 64111
                              (816)237-8896

matthew.schlobohm@gmail.com
DATED: February 26, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2025, a true and correct copy of the foregoing "Notice of Appeal" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

_**s/ Matthew Schlobohm**_

Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

     Plaintiff,

     v.                       CASE NO.  23-3014-JWL

DONALD ASH, et al.,

     Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff's claims arose during his confinement as a pre-trial detainee at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC").

The Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") on January 20, 2023, giving Plaintiff an opportunity to show good cause why his claims should not be dismissed or to file an amended complaint addressing the deficiencies.  After requesting and receiving six (6) extensions of time, Plaintiff filed his First Amended Complaint (Doc. 48) on August 14, 2023.  The Court entered a Memorandum and Order ("M&O") (Doc. 49) finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate officials of the WCDC.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  The Court ordered WCDC officials to prepare and file a *Martinez* Report, stating that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A."  (Doc. 49, at 2.)  The *Martinez* Report (Docs. 60, 66, and 67) (the "Report") was filed, and the Court screened Plaintiff's First Amended Complaint in light of the Report.  The Court entered a second memorandum and order

1

to show cause ("MOSC II") (Doc. 82) directing Plaintiff to show cause by August 23, 2024, why this matter should not be dismissed due to the deficiencies set forth.  The MOSC II stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.

Plaintiff requested and received four (4) extensions of time, making the revised deadline September 23, 2024.  The Court stated in its order granting the final extension that "**[t]here will be no further extension of the deadline**."  (Doc. 92, at 2.)  On September 23, Plaintiff filed a Motion to Withdraw Complaint without Prejudice (Doc. 93).  Plaintiff stated that he wished to voluntarily dismiss this action with plans to re-file at a later date.

Then, before the Court took up the motion, Plaintiff submitted seven (7) filings:

1) Letter to the Court (Doc. 94; dated September 24 and filed September 25, 2024) – Plaintiff states that he wants to bring to the attention of the Court "significant discrepancies" between Exhibit 3 to the *Martinez* Report (Doc. 66; Plaintiff's medical records) and the physical copy of the medical records delivered to Plaintiff.  However, while he lists four (4) references to Doc. 66 from the MOSC II, he fails to explain what the discrepancies are or how they are relevant.  He also states that he is "working in good-faith to complete [his] Response to the Show Cause Order."  (Doc. 94, at 2.)

2) Declaration of Matthew Charles Schlobohm (Doc. 95) – Plaintiff states that the attached "Exhibit F" is a true and correct copy of "Exhibit 3" as it was delivered to him.,

3) Exhibit F (Doc. 96) – A purported copy of the medical records provided to Plaintiff.

4) Motion for Leave to File Exhibit F to Declaration under Seal (Doc. 97) – Plaintiff states that Exhibit F contains highly sensitive, medical and private information and asks that the exhibit be sealed.

5) Motion for Protective Order to View Sealed Exhibit (Doc. 98) – Plaintiff asks to be permitted to view Doc. 66, which is sealed. He again asserts that there are discrepancies between Doc. 66 and the physical copy he received, but he does not describe any discrepancy.

6) Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99) – Plaintiff asks the Court to disregard his previous request to voluntarily dismiss his case.

7) Request for Judicial Notice (Doc. 100) – Plaintiff asks the Court to take judicial notice of assorted media reports, letters, and documents from other cases relating to Wellpath. Plaintiff does not assert that any of the documents mention him or the WCDC.

In spite of Plaintiff's numerous filings, Plaintiff has not filed a substantive response to the MOSC II as of the date of this Order. Plaintiff has failed to show good cause why dismissal should not be entered. Consequently, for the reasons explained in the MOSC II (Doc. 82), Plaintiff's First Amended Complaint is dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Withdraw Complaint without Prejudice (Doc. 93) is **denied** as moot in light of his subsequent request to withdraw the motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Exhibit F to Declaration under Seal (Doc. 97) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99) is **granted**.

3

**IT IS FURTHER ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (Doc. 98) is **denied** as moot.

**IT IS SO ORDERED.**

**Dated September 27, 2024, in Kansas City, Kansas.**


S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**MATTHEW CHARLES SCHLOBOHM,**

**Plaintiff,**

**v.**                                          **Case No. 23-3014-JWL**

**DONALD ASH, (FNU) FEWELL, (FNU)
MEADOR, (FNU) RAMIREZ, (FNU)(LNU)(1)
REGISTERED NURSE, (FNU)(LNU)(2)
PROGRAMS STAFF, (FNU)(LNU)(3)
COMMISSARY MANAGER FOR ARAMARK,
(FNU) HILL, WELLPATH, LLC, DANNY K.,
STANTON, (FNU) LYONS, UNITED
GOVERNMENT OF WYANDOTTE COUNTY,
KANSAS CITY, KANSAS, WYANDOTTE
COUNTY SHERIFF'S DEPARTMENT,
ESMERALDA WILSON, KARINA PURCELL, D.
DULL, (FNU) TAYLOR and (FNU) BOND ,**

**Defendants.**

## JUDGMENT IN A CIVIL CASE

**( )    JURY VERDICT.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

**(x)    DECISION BY THE COURT.**  This action came before the Court.  The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that this action is dismissed for failure to state a claim upon which relief may be granted.

Entered on the docket 09/27/24

**Dated:  September 27, 2024**          **SKYLER B. O'HARA**
**CLERK OF THE DISTRICT COURT**


**s/S. Nielsen-Davis**
**Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

      Plaintiff,

      v.                       CASE NO. 23-3014-JWL

DONALD ASH, et al.,

      Defendants.          EXPEDITED REVIEW
                               REQUESTED

**MOTION TO RESEAL DOCUMENT**

    Plaintiff Matthew Schlobohm, proceeding pro se, respectfully moves this Court to re-seal the document titled "SEALED MARTINEZ REPORT EXHIBIT 3" (ECF No. 66) to protect his sensitive and private personal and medical information. This record contains extensive unredacted details that pose significant risks of harm if disclosed to the public, thereby justifying the extraordinary remedy of resealing under applicable legal standards in the District of Kansas and Tenth Circuit, in support the Plaintiff states as follows:

I. Argument

    1. The Court previously granted Plaintiff's motion to unseal the "SEALED MARTINEZ REPORT Exhibit 3" for the purpose of allowing Plaintiff to compare the sealed exhibit with the version conventionally delivered to him by the Interested Party/Defendants. This comparison was necessary to address concerns of surprise, excusable neglect, fraud, misrepresentation, or misconduct by the opposing party.

    2. This version of Exhibit 3 is a 204-page record[1] containing detailed, unredacted information regarding the Plaintiff's health history, diagnoses,

---

[1] The conventionally delivered version sent to Plaintiff was 190 pages. (*See Doc. 96*.)

medications, and treatment records. The Interested Party also felt it necessary to attach a cover page with Plaintiff's full name, date of birth, and social security number. Disclosure of this information not only invades Plaintiff's privacy but exposes him to potential harm, including stigmatization and misuse of his personal data, as contemplated under the District of Kansas Administrative Procedures (I)(1) and Federal Rules of Civil Procedure (5.2).

3. The public interest in accessing Exhibit 3 is minimal compared to the Plaintiff's significant privacy concerns. This document was sealed previously by the Court, reflecting the acknowledgment of these risks. Re-sealing is consistent with prior protective measures and ensures continuity in safeguarding Plaintiff's interests.

II. Conclusion

Plaintiff respectfully requests that this Court grant the motion to re-seal "SEALED MARTINEZ REPORT EXHIBIT 3" (ECF No. 66). The compelling need to protect Plaintiff's privacy outweighs any public interest in access to this document.

Respectfully submitted,

*s/ Matthew Schlobohm*
Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816) 621-9149
matthew.schlobohm@gmail.com
DATED: November 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, a true and correct copy of the foregoing MOTION TO RESEAL DOCUMENT was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notifications to all parties required to be served.

> **_s/ Matthew Schlobohm_**
> Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

     Plaintiff,

     v.                        CASE NO. 23-3014-JWL

DONALD ASH, et al.,

     Defendants.

MOTION TO RECONSIDER AND REOPEN CASE BASED ON VOLUNTARY
DISMISSAL WITHOUT PREJUDICE

Plaintiff Matthew Schlobohm, proceeding pro se in this closed matter, respectfully submits this Motion to Reconsider and Reopen Case based on the Voluntary Dismissal Without Prejudice, and in support thereof, states as follows:

I. Introduction

1. On September 23, 2024, Plaintiff filed a Motion to Withdraw Complaint Without Prejudice (Doc. 93). Defendants had not filed an answer or motion for summary judgment.

2. Plaintiff's motion should have immediately ended the case as if it never happened, thereby preserving Plaintiff's right to refile the complaint at a later date, which was his explicitly stated intention.

3. The District Court's subject-matter jurisdiction over this matter was effectively terminated upon the filing of the Motion to Withdraw Complaint Without Prejudice, as was clearly established by this court (*See Monare Moore v. Donald Hudson, et al.*, Case No. 23-3168-JWL, March 11, 2024) and the Tenth Circuit (See *Waetzig v. Halliburton Energy Servs.*, 82 F.4th 918 (10th Cir. 2023).

II. Argument

**It was clearly established on September 23, 2024, that this court lost subject-matter jurisdiction over this case the instant that Plaintiff filed the Motion to Withdraw Complaint Without Prejudice -- all representations of facts, attempts to adjudicate the merits, and subject-matter orders undertaken subsequent to the filing by the District Court therefore are nullities.**

4.   Addressing the two rules[1] central to *Waetzig* while helpfully being directly on point for purposes of this motion, the Tenth Circuit reiterated that "The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. **This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. <u>There is not even a perfunctory order of court closing the file.</u>** Its alpha and omega was the doing of the plaintiff alone." *Waetzig* citing *Janssen v. Harris,* <u>321 F.3d 998</u> (10th Cir. 2003) quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis,* <u>267 F.3d 1042, 1049</u> (9th Cir. 2001) (emphasis added).

5.   "Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and **may not address the merits of such claims or issue further orders pertaining to them**." *Id.* (emphasis added).

---

[1] <u>Fed. R. Civ. P. 41(a)(1)(A)(i)</u> and 60(b)

6. "'Under <u>Federal Rule of Civil Procedure 41(a)(1)</u>, a 'plaintiff may dismiss an action without a court order by filing … (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.' **This type of voluntary dismissal 'does not require an order of the court' and is effective as of the date the notice is filed**." *Moore* quoting *Janssen*, 998, 1000-01 (emphasis added).

7. "In addition, '[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice.' *Id*., stating F. R. Civ. P. 41(a)(1)(B).

8. "The Tenth Circuit has held that 'a voluntary dismissal without prejudice under Rule 41(a) divests the district court of subject-matter jurisdiction to consider a Rule 60(b) motion to reopen." *Id*., quoting *Waetzig*, 918, 920.

**Plaintiff decided in good faith to voluntarily dismiss his complaint without prejudice -- denying the effect of such a dismissal would capriciously deprive Plaintiff's ability to seek redress for his grievances and would constitute an abuse of discretion.**

9. A district court abuses its discretion when the court relies on an erroneous conclusion of law or a clearly erroneous factual finding. *Hafen v. Howell*, F.4th (10th Cir. 2024).

10. A district court abuses its discretion if its ruling is arbitrary, capricious, or whimsical, or arises from an error of law or a clear error of fact. *Owens v. Unified Government of Wyandotte County and Kansas City, Kansas,* <u>100 F.4th 1177</u> (10th Cir. 2024).

Page 3 of 5

11. A district court abuses its discretion when it (1) enters an arbitrary, capricious, whimsical, or manifestly unreasonable judgment or (2) applies the wrong legal standard. *United States ex rel. Barrick v. Parker-Migliorini International, LLC*, 79 F.4th 1262 (10th Cir. 2023).

III. Request for Relief

Based on the foregoing, Plaintiff respectfully requests that the Court:

12. Reconsider and grant the Motion to Withdraw Complaint Without Prejudice (Doc. 93), thereby recognizing the termination of this Court's jurisdiction over the nature of the matter as of September 23, 2024.

13. Reopen the case solely for the purpose of acknowledging the voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41, consistent with the legal precedent and principles outlined herein.

14. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Matthew Schlobohm*
Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816)621-9149
matthew.schlobohm@gmail.com
DATED: November 27, 2024

**CERTIFICATE OF SERVICE**

Page 4 of 5

I hereby certify that on November 27, 2024, a true and correct copy of the foregoing "Motion to Reconsider and Reopen Case Based on Voluntary Dismissal Without Prejudice" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

*/s/ Matthew Schlobohm*

Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES
SCHLOBOHM,

      Plaintiff,

      v.                         CASE NO. 23-3014-JWL

DONALD ASH, et al.,

      Defendants.

## MOTION TO RECONSIDER UNDER LOCAL RULE 7.3, CORRECT MISQUOTATION, CORRECT RECORD AND SEEK CLARIFICATION REGARDING PRO SE ACCESS TO SEALED RECORDS VIA PACER

Plaintiff Matthew Schlobohm, proceeding pro se in this closed matter, respectfully moves this Court to reconsider and amend its order (Doc. 109) to correct a misquotation of Plaintiff's words and meaning (*id*, at 1), correct the record to reflect that Plaintiff in fact *had* given the Court reason to believe that the electronically filed version of Exhibit 3 and the hard copy provided to Plaintiff were different (*id.*, at 2), clarify that the Plaintiff never received a copy of a 204-page exhibit in the first place (*id.*, at 2), refund to Plaintiff the costs associated with procuring the unsealed electronically filed Exhibit 3, and clarify the basis for stating "Also, pro se filers cannot be granted access to see sealed data of any kind." (*id.*, at 1.) In support of this Motion, Plaintiff states as follows:

1. On September 23, 2024, Plaintiff submitted a Motion to Withdraw Complaint Without Prejudice (Doc. 93).

2. **On September 23, 2024, Plaintiff** submitted a Letter (Doc. 94) in which he **sought to bring to the court's attention "significant discrepancies and concerns…specifically concerning 'Exhibit 3' of the Supplement (Doc. 66) to the** *Martinez* **Report (Doc. 60)." (Doc. 94, at 1.)**

3.  "…it has become apparent that the electronic version of 'Exhibit 3' submitted to the Court and the physical copy that was conventionally delivered to me are not the same." *Id.*

4.  **"The Show Cause Order references specific page numbers and details within the sealed Exhibit, such as:**

- **'Wellpath also sent a Release of Information form…asking for Plaintiff's most recent medication list. (**<u>**Doc. 60-1, at 13**</u>**,** <u>**14**</u>**.)' (**<u>**Doc. 82, at 10**</u>**.)**
- **'The information received back did not reflect Xarelto or any additional current prescriptions. (**<u>**Doc. 66, 186**</u>**.)' (***id.***)**
- **'As for treatment for COVID, Plaintiff's medical records show he reported symptoms on December 20, 2022, and tested positive on December 21, 2022. (**<u>**Doc. 66, at 8**</u>**.)' (**<u>**Doc. 82, at 10**</u>**.)**
- **'[t]he Doctor entered the following orders….(**<u>**Doc. 66, at 151**</u>**.)' (**<u>**Doc. 82, at 10-12**</u>**.)'"** *Id.*

5.  Plaintiff also advised the Court that Affiant "Dee-Dee Gregory, RN" was not a licensed nurse on the Kansas Board of Nursing License Status Verification page, "suggesting a deliberate obfuscation of identity by the person in question, as well as by the Interested Party and its attorney…." *Id,* at 1-2.

6.  Plaintiff concluded by "suggest[ing] that the sealed Exhibit 3 of the *Martinez* Report Supplement be stricken in its entirety" (*id.*, at 2) due to the described discrepancies and misconduct perpetrated by the Defendants/Interested Party.

Page 2 of 8

7.   **On September 25, 2024, Plaintiff** filed a Declaration (Doc. 95) in which he **stated, "This declaration is made in support of my motion for a protective order to view the sealed 'Exhibit 3' to ensure the integrity of the judicial process and for the Court's consideration of the discrepancies between the versions of 'Exhibit 3' submitted to the Court."** *Id.*, at 1-2.

8.   Plaintiff concurrently filed the version of Exhibit 3 as he received it in the mail from the Interested Party/Defendants. (Doc. 96.)

9.   **Plaintiff submitted a Motion for Protective Order to View Sealed Exhibit (Doc. 98) on the same day. "There are discrepancies between the electronic version submitted to the Court and the physical copy received by the Plaintiff, necessitating this request for access."** *Id.*, at 1.

10. **"*Good Cause Exists for Granting Access to the Plaintiff*: The Plaintiff has a compelling interest in accessing his own medical records to ensure the accuracy of the information presented to the Court and to address any discrepancies that may impact the case."** *Id.*

11. "The Plaintiff respectfully requests that the Court issue a Protective Order allowing him to view the sealed 'Exhibit 3' to the Supplement to the *Martinez* Report (Doc. 66), under conditions that the Court deems appropriate to protect the confidentiality and privacy of the information contained therein." *Id.*, at 2.

12. On September 26, 2024, Plaintiff submitted a Request for Judicial Notice (Doc. 100) regarding various Federal court cases, news reports, and letters from a cadre of United States senators addressed to executives of Wellpath, LLC (and the responses *from* Wellpath, LLC to the senators**) "concerning allegations that represent a systemic neglect and deliberate indifference to the serious medical needs of its patients as well as to patterns or practices that have been found to**

**potentially violate the Constitutional rights of likely similarly situated persons in other jurisdictions."** *Id.*, at 1.

13. "Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The materials for which judicial notice is requested herein are publicly available, widely reported, and come from reputable sources or directly from court records, thus meeting the criteria set forth in Rule 201." *Id.*, at 4.

14. On September 26, 2024, Plaintiff futilely and mistakenly filed a Motion to Withdraw Previous Motion to Withdraw Complaint (Doc. 99) despite the previous notice to withdraw the complaint without prejudice constituting a self-executing termination of the case as if it never happened and rendering the case unable to be reopened even if the court or the plaintiff wanted to do so. *See Moore v. Hudson*, 23-3168-JWL, D. Kan. 2024.

15. On September 27, 2024, the Court entered judgment against the Plaintiff (Doc. 102), dismissing the action for failure to state a claim upon which relief may be granted (Doc. 101), and denying Plaintiff's motion for a protective order (*id.*).

16. On November 19, 2024, this Court entered an Order (Doc. 109) that had the effect of allowing Plaintiff to view the up-to-then sealed, electronically filed Exhibit 3 to the Supplement (Doc. 66) to the *Martinez* Report (Doc. 60), which triggered the Defendant's intended procedural booby-trap of exposing the Plaintiff's most sensitive and medical information for public consumption as the cost for accessing the materially different information that the Defendants provided to the Court.

17. In <u>Doc. 109</u>, the Court stated, "Plaintiff alleges that the version of Exhibit 3 on PACER differs from the hard copy of Exhibit 3 that he received. **He argues that while he knows this 'with certainty,' he needs access to 'properly seek relief from the judgment and/or order against him.' (<u>Doc. 108-1, at 1</u>.)"** (*id.*, at 1.)

18. This is clearly erroneous, as it misquotes Plaintiff's actual words and misinterprets and misapprehends his point, intent, and meaning.

19. In <u>Doc. 108-1</u> (at 1), Plaintiff stated, "This Motion is predicated on the clearly established common-law right of access to court records and the Plaintiff's imperative need to compare the sealed Exhibit 3 with the version conventionally delivered to him by the Interested Party/Defendants, which has raised serious concerns of **surprise**, **excusable neglect**, **fraud** (whether previously called intrinsic or extrinsic), **misrepresentation**, or **misconduct** by the opposing party. <u>Plaintiff *personally knows these things to be a certainty, but he nonetheless must have access to the sealed exhibit in order to properly seek relief from the judgment and/or order against him on these, but not necessarily only these, grounds*</u>." *Id.*

20. The Court's finding of Plaintiff's words respectfully is simply wrong, literally and substantively.

21. Plaintiff was saying, or intending to say, that he personally knows all the facts of the case (simply because he is the one who experienced them), and, along with the discrepancies and issues as stated in Docs. 94, 95, 98, and 100, Plaintiff "personally knows these things to be a certainty." (<u>Doc. 108-1, at 1</u>.)

22. By "things," Plaintiff was referring to misrepresentation, misconduct, fraud, excusable neglect, and surprise – not to the contents of the sealed exhibit which Plaintiff had not seen.

Page 5 of 8

23. The Court continued, "**Plaintiff has given the Court no reason to believe that the electronically filed version of Exhibit 3 and the hard copy provided to Plaintiff are different.** Therefore, the Court finds no basis for giving him another copy of the 204-page exhibit." (Doc. 109, at 2.)

24. This, too, is simply not factually correct. Plaintiff provided ample reason to believe as such. *See Paragraphs 2-12.*

25. Continuing (Doc. 109, at 2), "Therefore, the Court finds no basis for giving him *another copy* of the 204-page exhibit. Plaintiff may submit the fee of $.10 per page to the clerk's office to obtain another copy of the exhibit."

26. As clearly shown in ECF No. 96 ("SEALED DOCUMENT titled Exhibit F"), the version Plaintiff received was not 204 pages in length – it was also deliberately out of order in the extreme and included parts of pages missing, which, it turns out, were not missing in the electronic version as submitted to this Court. This would have been clear to the court at first impression. Instead of granting the motion for a protective order so Plaintiff could fairly assess the sealed record being used against him, the court refused – slamming the courthouse doors.

27. Also from Doc. 109 (at 1), the Court stated, "The CM/ECF system is designed to allow pro se litigants to file pleadings, but their access is limited to public documents only The Application Administrator's Guide provides as follows: "Pro se filers cannot docket to any sealed cases, and cannot file sealed docket entries to unsealed cases. **Also, pro se filers cannot be granted access to see sealed data of any kind.**'" (emphasis added).

28. This also appears to be incorrect.

29. Plaintiff notes that he has access to sealed document in ECF No. 96 (labeled as "Exhibit F" on the docket).

30. Plaintiff requests clarification, correction, or citation to the Guide or rule mentioned because he can find no such clause in neither the "PACER User Manual for CM/ECF Courts (Updated March 2024)[1]," nor the "ADMINISTRATIVE PROCEDURES FOR FILING, SIGNING, AND VERIFYING PLEADINGS AND PAPERS BY ELECTRONIC MEANS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS (Revised December 2022)[2]," nor the Local Rules for the District of Kansas[3] or its Guidelines[4].

Based on the above, Plaintiff respectfully requests that this Court:

1. Correct the record to reflect Plaintiff's actual words and arguments as noted above.
2. Acknowledge Plaintiff's prior advisements in Docs. 94, 95, 98, and 100, which provided ample reasons for believing there existed discrepancies between the versions of Exhibit 3.
3. Clarify, correct, or cite the procedural basis for the assertion in Doc. 109 that pro se filers cannot access sealed data of any kind, including citation to applicable rules or guidelines.
4. Grant any other relief the Court deems just and proper.

_____

[1] pacer.uscourts.gov

[2] https://www.ksd.uscourts.gov/sites/ksd/files/2022-Combined-Administrative-Procedures-FINAL-2.pdf

[3] https://www.ksd.uscourts.gov/sites/ksd/files/MASTER COPY updated 8 26 24.pdf

[4] https://www.ksd.uscourts.gov/district-kansas-guidelines

Page 7 of 8

Respectfully submitted,

**/s/ Matthew Schlobohm**
Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816)621-9149
matthew.schlobohm@gmail.com
DATED: December 3, 2024


## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2024, a true and correct copy of the foregoing "MOTION TO RECONSIDER UNDER LOCAL RULE 7.3, CORRECT MISQUOTATION, CORRECT RECORD AND SEEK CLARIFICATION REGARDING PRO SE ACCESS TO SEALED RECORDS VIA PACER" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

**/s/ Matthew Schlobohm**

Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MATTHEW SCHLOBOHM,**

    **Plaintiff,**

    **v.**                             **CASE NO. 23-3014-JWL**

**DONALD ASH, et al.,**

    **Defendants.**

### Notice of Supplemental Authority

Plaintiff, Matthew Schlobohm, respectfully submits this Notice of Supplemental Authority to inform the Court of a recent development relevant to the legal arguments presented in this case. Specifically, the United States Supreme Court has granted certiorari in the case of *Waetzig v. Halliburton Energy Services*, 82 F.4th 918 (10th Cir. 2023), a case relied upon by Plaintiff in prior filings. In support of this Notice, Plaintiff states as follows:

1. **Case Information**:

    On October 4, 2024, the United States Supreme Court granted certiorari in *Waetzig v. Halliburton Energy Services*, No. 23-971. The decision below, issued by the Tenth Circuit, is reported at 82 F.4th 918 (10th Cir. 2023). The Supreme Court will address the following question:

    > "Federal Rule of Civil Procedure 60(b) empowers district courts, on just terms and under circumstances specified in that Rule, to 'relieve a party or its legal representative from a final judgment, order, or proceeding.' The question presented, which has divided the courts of appeals, is whether a

Rule 41 voluntary dismissal without prejudice is a 'final judgment, order, or proceeding' under Rule 60(b)."[1]

2. **Relevance to Plaintiff's Case**:

Plaintiff has relied on the Tenth Circuit's decision in *Waetzig* in support of arguments made in this case, particularly regarding the interpretation of Federal Rules of Civil Procedure 41 and 60(b). The Supreme Court's review of *Waetzig* may have significant implications for the legal principles and precedents applicable to this matter.

3. **Purpose of Notice**:

This Notice is submitted to ensure that the Court is aware of this development and may take it into consideration in any pending motions or decisions.

Plaintiff respectfully requests that the Court take notice of the Supreme Court's grant of certiorari in *Waetzig v. Halliburton Energy Services* and consider its potential impact on the issues presented in this case.

Respectfully submitted,

**_s/ Matthew Schlobohm_**
Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
(816)621-9149
matthew.schlobohm@gmail.com
DATED: December 26, 2024

---

[1] https://www.supremecourt.gov/qp/23-00971qp.pdf

Page 2 of 3

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2024, a true and correct copy of the foregoing "Notice of Supplemental Authority" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

*/s/ Matthew Schlobohm*

Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

     Plaintiff,

     v.                               CASE NO.  23-3014-JWL

DONALD ASH, et al.,

     Defendants.

## MEMORANDUM AND ORDER

This closed matter comes before the Court on three motions filed by Plaintiff.  The first is titled "Motion to Reseal Document" (Doc. 110).  Plaintiff asks the Court to reseal Doc. 66.  The motion is denied as the document is currently sealed.

Plaintiff's second motion is titled "Motion to Reconsider and Reopen Case Based on Voluntary Dismissal without Prejudice" (Doc. 111).  Plaintiff argues that his Motion to Withdraw Complaint Without Prejudice (Doc. 93) should have immediately ended the case and deprived the Court of jurisdiction, thereby nullifying any subsequent rulings of the Court.  He argues that the Court should have ignored or been powerless to grant his request (Doc. 99) filed three days later to withdraw Doc. 93 and proceed with the case and should not have dismissed the case for failure to state a claim.

However, this case had a long procedural history by the time Plaintiff filed his request to voluntarily dismiss.  The Court screened the Complaint under 28 U.S.C. § 1915A, entering an order to show cause why the Complaint should not be dismissed for failure to state a claim (*see* Doc. 9); gave Plaintiff six (6) extensions of time to respond to the show cause order (*see* Docs. 20, 29, 38, 40, 44, 47); screened Plaintiff's Amended Complaint, ordering and receiving a *Martinez*

1

Report (*see* Doc. 49); gave Plaintiff three (3) extensions of time to respond to the *Martinez* Report (*see* Docs. 74, 76, 78); entered an order to show cause why the *Amended* Complaint should not be dismissed for failure to state a claim (*see* Doc. 82); and gave Plaintiff four (4) extensions of time to respond to the second show cause order (*see* Doc. 89), with the final order stating there would be no further extension of the deadline (*see* Doc. 92). Plaintiff then filed his request to withdraw his Amended Complaint without prejudice.

While a notice of voluntary dismissal often functions as Plaintiff argues, an exception has developed in cases subject to screening under 28 U.S.C. § 1915A. In *Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014), the magistrate judge had screened the plaintiff prisoner's complaint and issued a report and recommendation. Before the district court considered the report and recommendation, the plaintiff filed a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(1). The district court denied the motion because the magistrate had already expended considerable time and effort in finding that the plaintiff failed to state a claim and because the plaintiff was a "frequent filer." The plaintiff appealed, and the Tenth Circuit held as follows:

> While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment, Mr. Large cannot use it to avoid the effect of a "strike" under 28 U.S.C § 1915(g) once his case was already screened and found meritless. *See* 28 U.S.C. § 1915A(a), (b) (directing court to screen and dismiss frivolous suits by prisoners against government entities); Fed.R.Civ.P. 41(a)(1)(A) (stating voluntary dismissal is subject to applicable federal statutes); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 497 (6th Cir. 2012) (unpublished); *see also Hines v. Graham,* 320 F. Supp. 2d 641, 644 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). *But see Thomas v. Phillips*, 83 F. App'x 661, 661-62 (5th Cir. 2003) (unpublished).

2

*Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014) (unpublished); *see also Dreiling v. Henderson*, 2005 WL 1705733, at *2 (D. Kan. 2005) (a prisoner may not avoid the consequences of the "3–strike" provision in 28 U.S.C § 1915(g) by seeking dismissal of the action without prejudice after the court has screened the complaint).

Plaintiff's motion is denied. Plaintiff cannot use voluntary dismissal under Rule 41(a) to avoid dismissal with prejudice and the effect of a strike under 28 U.S.C. § 1915(g).

Plaintiff's third motion is titled "Motion to Reconsider under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records via PACER." (Doc. 112). Plaintiff attempts to re-argue several issues and to dispute the Court's wording and findings in previously issued orders.

Because this case is closed, Plaintiff's motion is denied. Nothing in this motion or in any of Plaintiff's filings warrants reopening this case. The case remains closed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and Reopen Case Based on Voluntary Dismissal without Prejudice (Doc. 111) is **denied**. This case remains closed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reseal Document (Doc. 110) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider under Local Rule 7.3, Correct Misquotation, Correct Record and Seek Clarification Regarding Pro Se Access to Sealed Records via PACER (Doc. 112) is **denied**.

**IT IS SO ORDERED.**

**DATED:  This 27th day of January, 2025, at Kansas City, Kansas.**

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3