IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW SCHLOBOHM,

    Plaintiff,

v.

DONALD ASH, et al.,

    Defendants.

CASE NO. 23-3014-JWL
CA10 Case: 25-3035

**PLAINTIFF-APPELLANT'S RESPONSE TO DISTRICT COURT'S SHOW CAUSE ORDER REGARDING GOOD-FAITH BASIS FOR PROCEEDING IN FORMA PAUPERIS ON APPEAL**

Plaintiff-Appellant Matthew Schlobohm, proceeding pro se, respectfully submits this Response to the Court's Show Cause Order regarding the good-faith basis to proceed in forma pauperis (IFP) on appeal. Plaintiff asserts that his appeal is taken in good faith as it raises substantive, nonfrivolous arguments supported by fact and law.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken IFP if the district court certifies in writing that it is "not taken in good faith." The Supreme Court has clarified that "good faith" in this context means the existence of a nonfrivolous issue that, viewed objectively, could be argued on the merits on appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The standard does not require a showing that the appeal is likely to succeed, only that it raises issues that are not clearly frivolous.

Plaintiff asserts that his appeal satisfies this standard, as it raises substantial legal and procedural questions warranting appellate review.

## II. ARGUMENTS DEMONSTRATING GOOD FAITH BASIS FOR APPEAL

### A. The Court Erred in Proceeding After Plaintiff's Rule 41(a)(1)(A)(i) Voluntary Dismissal, Rendering Subsequent Orders Void for Lack of Jurisdiction

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides plaintiffs with an absolute right to voluntarily dismiss an action without a court order before the opposing party serves an answer or motion for summary judgment. Such a dismissal is self-executing and immediately terminates the court's jurisdiction. *See Waetzig v. Halliburton Energy Servs.*, --- S.Ct.--- (2025); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

Plaintiff filed a timely and procedurally proper Rule 41(a)(1)(A)(i) notice of dismissal on September 23, 2024 (Doc. 93). Under binding precedent, this filing immediately divested the Court of jurisdiction, rendering all subsequent orders—including the dismissal with prejudice for failure to state a claim (Doc. 101)—void. *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

This jurisdictional defect constitutes a nonfrivolous issue warranting appellate review. Courts have held that jurisdictional errors are reversible on appeal. *See Smith v. Williams*, No. 21-11090, 2023 WL 3410087 (11th Cir. May 11, 2023).

### B. Procedural Due Process Violations Due to PACER Technical Failures and Mail Interference Support Plaintiff's Good Faith Appeal

Plaintiff experienced documented technical failures with the PACER system, which prevented the timely filing of a Rule 59(e) Motion to Reconsider. Courts have recognized that technical barriers beyond a litigant's control may constitute extraordinary

circumstances warranting relief. *See United States v. Gabaldon,* 522 F.3d 1121, 1124 (10th Cir. 2008).

Additionally, Plaintiff has experienced and documented continuous and illegal interception, interference, alteration and delays with confidential legal mail (including from the Tenth Circuit Court of Appeals, this Court and his court-appointed counsel from the Kansas Appellate Defender's Office), a violation of his constitutional right to access the courts as well as statutory protections. Such interference is a recognized ground for relief under Rule 60(b). *See Garcia v. Schnurr*, 818 F. App'x 812 (10th Cir. 2020) (unpublished). These procedural violations raise substantial, nonfrivolous issues for appellate review.

## C. Plaintiff's Previous Cases Were Either Not Strikes Under 28 U.S.C. § 1915(g) or Were Misclassified, Thus Supporting Good Faith IFP Status

Under the Prison Litigation Reform Act (PLRA), a dismissal counts as a "strike" only if it is dismissed as frivolous, malicious, or for failure to state a claim. *See 28 U.S.C. § 1915(g)*. The Supreme Court has clarified that dismissals without prejudice for failure to state a claim may count as strikes, but only if they meet the statutory criteria. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020).

Plaintiff acknowledges one prior strike (Case No. 19-3231-SAC) but disputes the classification of Case No. 22-3314-JWL, which was dismissed on procedural grounds and did not constitute an adjudication on the merits. The present dismissal, if properly recognized as void due to lack of jurisdiction, also cannot count as a strike. *See Smith v. Williams*, 2023 WL 3410087.

This issue raises a good-faith question regarding the proper application of § 1915(g), warranting appellate review.

**D. Misconduct and Fraud by the Interested Party/Defendants Regarding Exhibit 3 to the Martinez Report**

Plaintiff has identified material discrepancies between the sealed, electronic version of Exhibit 3 submitted to the Court and the hard copy delivered to Plaintiff via USPS. The sealed version contained 204 pages, while the hard copy had only 190 pages. This discrepancy raises serious concerns about the integrity of the evidence presented which the Court improperly relied upon based on intentionally perjured Affidavits from the Interested Party/Defendants and their attorney in violation of the Federal Rules of Civil Procedure (FRCP).

The Court denied Plaintiff's request for a protective order to view the sealed exhibit, preventing him from addressing these discrepancies before the case was dismissed. This denial, combined with the subsequent discovery of the discrepancies, highlights a procedural due process issue.

Although the Court dismissed Plaintiff's case, it retained jurisdiction over collateral issues, such as sanctions or reprimands for misconduct. The submission of materially different exhibits undermines the integrity of the judiciary and warrants the Court's intervention to protect the interests of justice. The Court has the authority to impose sanctions or other remedies sua sponte under its inherent powers to address potential fraud upon the Court or intentional fraud or misconduct between the parties undertaken with the goal of obstructing a fair judicial process.

**E. The Court's Sua Sponte Dismissal with Prejudice Constitutes an Abuse of Discretion Meriting Appellate Review**

Dismissal with prejudice is an extreme sanction reserved for cases involving egregious misconduct, such as bad faith or repeated violations of court orders. *See Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462 (8th Cir. 1991). Plaintiff's case exhibits no such misconduct. The sua sponte dismissal with prejudice was unwarranted and constitutes an abuse of discretion.

The Tenth Circuit has emphasized that courts must exercise caution when imposing such severe sanctions, particularly against pro se litigants. *See Garcia v. Schnurr*, 818 F. App'x 812.

### F. Plaintiff Has Demonstrated Persistent Good Faith Efforts to Comply with Procedural Rules

Plaintiff has consistently demonstrated diligence in pursuing his claims, including efforts to address technical failures and mail interference. Courts have long recognized the need to accommodate pro se litigants, particularly when procedural difficulties are beyond their control. *See Coppedge v. United States*, 369 U.S. 438, 446 (1962).

### III. CONCLUSION

Plaintiff has clearly demonstrated that his appeal is based upon substantial, nonfrivolous arguments supported by facts and law. Plaintiff respectfully requests the Court issue an order certifying that Plaintiff's appeal is taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), allowing Plaintiff to proceed in forma pauperis on appeal.

Respectfully submitted,

**_s/ Matthew Schlobohm_**
Pro Se Plaintiff
4210 Clark Ave., Apt. 302
Kansas City, Missouri 64111
Page 5 of 6

                                      (816)237-8896
                                      mschlobohm@proton.me
                                      DATED: March 28, 2025

---

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, a true and correct copy of the foregoing "PLAINTIFF-APPELLANT'S RESPONSE TO DISTRICT COURT'S SHOW CAUSE ORDER REGARDING GOOD-FAITH BASIS FOR PROCEEDING IN FORMA PAUPERIS ON APPEAL" was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record.

*__s/ Matthew Schlobohm__*

Plaintiff